EASTERN DIST.
*May*, 1836.

POYDRAS
*vs.*
TAYLOR.

---

### POYDRAS *vs.* TAYLOR.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE JUDGE
THEREOF PRESIDING.

The heirs succeed to all the rights of the ancestor, and among other rights devolving upon them, is that of suing and compelling a compliance with the intentions of the ancestor, as expressed in his last will and testament.

So, where the testator provided in his will, that his slaves should be sold with, and as attached to the plantations on which they were found at his death, and the purchaser under the conditions of the will was about to alienate them separately: *Held*, that the heir can maintain an action in behalf of the slaves, to prevent their sale, in violation of the conditions of the will, and compel a compliance with the *intentions* of the testator, as expressed therein.

This is an action by the heir, to compel a compliance with the last will and testament of his ancestor.

The plaintiff alleges, that by his last will and testament, dated April 16, 1822, the late Julien Poydras, of the parish of Pointe Coupée, directed that all the slaves he should leave at his death, be considered as attached to one or the other of his plantations, and be sold with them, the purchaser thereof obligating himself, his heirs and assigns, to liberate all the said slaves at his own expense, twenty-five years after the said sale; to take care of such as should arrive at the age of sixty years, give them an annual allowance of twenty-five

dollars, and not require any manual labor from them. The plaintiff further alleges, that Julien Poydras died in 1824; that his plantations and slaves were sold under the conditions of his will, in 1825, and that one of said plantations, with the slaves attached to it, was sold by the testamentary executors, to one Charles Stewart, who sold it to Barrow, and the latter, by public act dated in March, 1831, sold it to William Taylor, the present defendant, with the conditions expressed in the will of Poydras, recited and contained in said act, and the purchaser bound himself to comply therewith; but that the said defendant, in violation of his obligation, has sold several of said slaves, (whose names are specified,) to different purchasers, separate and apart from the plantations to which they were attached. He therefore alleges, that as one of the heirs of the late J. Poydras, he is a party concerned under a clause of said will, which not only authorises, but solicits the assistance of all humane persons, in behalf of said *statu liberi*, whose privileges and rights are thus violated; wherefore he prays, that the defendant, and the persons to whom he sold the negroes in question, be cited, and that said sales be rescinded, the *statu liberi* restored to the plantations from whence they were taken, and that the defendant be enjoined from selling them, except according to the dispositions and conditions of the will, &c.

The defendant excepted to the right of the plaintiff to maintain this action as heir of his ancestor, in behalf of said slaves, or in any manner, and prayed to be dismissed with his costs allowed.

The case was tried on this issue before the court. The district judge who presided at the trial, being of opinion the plaintiff had not shown such an interest in the matter as would entitle him to maintain the action, the exception was sustained, and judgment rendered thereon in favor of the defendant; from which the plaintiff appealed.

*L. Janin,* for the plaintiff and appellant.

*Mazureau,* for the plaintiff, made a written argument in this, and the case of the same plaintiff against Madam Mourain.

EASTERN DIST. *Mitchell*, for the defendant, denied the right of the plaintiff
May, 1836. to maintain this action, and contended that the judgment of
the District Court was correct, in sustaining the defendant's
POYDRAS
vs. exception to the right of action.
TAYLOR.

. 2. A slave for years or *statu liberi*, can only appear in court
to claim his freedom, or the protection of the laws, when an
attempt is made to carry him out of the state. The only
contract he can make, is that relating to his freedom or
emancipation. *Louisiana Code, articles* 174, 177 *and* 194.
4 *Martin, N. S.*

3. In testamentary dispositions, impossible conditions, or
conditions *contra bonos mores*, are null and void. *Louisiana
Code*, 1506, 2026.

*Martin, J.*, delivered the opinion of the court.

The petition states, that sundry slaves mentioned therein,
were part and parcel of the estate of the late Julien Poydras,
deceased, the ancestor of the plaintiff, who in his last will
and testament directed that all his slaves should be con-
sidered as attached to such of his plantations on which they
were respectively employed, and that they should be sold
with such plantation, under the special condition that they
should likewise be set free at a certain age and after a certain
period, with the privilege of remaining thereon, and being
supported and allowed a fixed sum or annual compensation,
free from labor.

That one of the defendants acquired the slaves named in
the petition by purchase under these conditions and restric-
tions, who, in violation of them, has sold and conveyed them
separately and apart from the plantation to which they were
attached, to other purchasers.

The object of the present suit is, to maintain the conditions
and requirements of the will, and to have the sale of the
executor to the present defendant and vendee cancelled and
annulled, for a violation of its conditions.

The capacity of the plaintiff, who is one of the heirs of the
late Julien Poydras, to maintain this action, and see that the
will of his ancestor be faithfully executed, was denied; an

EASTERN DIST.
*May,* 1836.

POYDRAS
*vs.*
TAYLOR.

exception to this effect was put in by defendant, and sustained by the court. The plaintiff appealed.

It is true, the plaintiff and appellant declares himself the protector of the slaves in question, whose rights or privileges under the will are endangered. It is also clear, that neither any of the slaves themselves, nor any other person as a *prochain ami,* could institute a suit for their sole and immediate benefit. But the executors of the deceased owner of these slaves, if they were not *functi officiis,* and his heir since the expiration of the office of the executors, have the undoubted right to interpose and prevent a violation of the testator's intentions as expressed in his will, and to demand a specific performance of the conditions of the sale made in conformity to it. The heir can compel, either the payment of damages for its violation, or claim the rescission of the sale for a breach of the conditions under which it was made. The plaintiff, as heir, possesses this right, which is not impaired by the avowal that the object for which this right is exercised, is to protect and carry into effect the benevolent intentions of his ancestor.

The right being indivisible, it is no legal objection to its exercise that all the heirs have not joined in this action.

It has been also objected by the counsel for the defendant, that the condition of the will of the late Julien Poydras is illegal, null and void, and that no breach of such an instrument can be made the basis of an action. This objection goes to the right of the plaintiff to recover, and not to his capacity to sue; which is the only question involved in this case. The heirs succeed to all the rights of the ancestor; among which is their duty to see his *intentions,* as expressed in his last will and testament, faithfully executed and carried into effect.

In the present case, the value of the succession of the ancestor of the plaintiff has been much lessened and diminished by the conditions under which it was sold. The interest of the heirs is concerned by the obvious diminution of the price, in a sale to which, by the will under consideration, very onerous and burdensome conditions were annexed.

The heirs succeed to all the rights of the ancestor, and among other rights devolving upon them, is that of suing and compelling a compliance with the intentions of the ancestor, as expressed in his last will and testament.

So, where the testator provided in his will, that his slaves should be sold with and as attached to the plantations on which they were found at his death, and the purchaser under the conditions of the will, was about to alienate them separately: *Held,* that the heir can maintain an action in

EASTERN DIST. They may certainly avail themselves of the breach of these
*May*, 1836.    conditions, to preserve and protect the intention of the

POYDRAS      testator and the objects of his benevolence, when by the very
*vs.*
MOURAIN.     fact of the diminution of price, at the sale of his succession,

behalf of the they parted with a very valuable consideration.
slaves, to pre-
vent their sale,
in violation of  It is, therefore, ordered, adjudged and decreed, that the
the conditions
of the will, and judgment of the District Court be annulled, avoided and
compel a com-
pliance with the reversed, the defendant's exception overruled, and the case
*intentions* of the remanded for further proceedings; the appellee paying the
testator, as ex-
pressed therein. costs of the appeal.