POYDRAS *vs.* TAYLOR ET AL.

APPEAL FROM THE COURT OF THE FOURTH DISTRICT FOR THE PARISH
OF POINTE COUPEE, THE JUDGE OF THE 2D DISTRICT PRESIDING.

There is no discrepancy between the cases of Moosa vs. Allain, 4 Martin, N. S. 99. and that of Poydras vs. Mourain, 9 La. Reports, 492. The first is a slave suing for certain privileges under a Will, who has no capacity to stand in judgment in any matter, but for his freedom ; and the last is the heir claiming a compliance with the conditions of the same Will from the purchaser under it.

The purchaser of a plantation and slaves subject to the provisions of the Will of the original proprietor, that the slaves are always to be kept on the plantation and never sold apart from it, must comply with the conditions however onerous.

This is an action against the defendant, Taylor, and his vendees and co-defendants Coyle, Falconer, Jontes, Laurans, Hiriart and Sneed, to compel a compliance with the terms and conditions of the Will of the late Julien Poydras, which required his plantations and the slaves on each to be sold together and the slaves' on each, kept, maintained and emancipated thereon under certain regulations, and in a specified manner. The defendant, Taylor, had become the owner of one of these plantations, under the conditions of said Will, and had sold several of the slaves attached thereto, to his co-defendants, when the plaintiff as on of the heirs and relatives of Julien Poydras, instituted this suit, alleging the illegality and nullity of the sales of said slaves, as having been made in contravention of the provisions of said Will. He prays that all these sales be annulled, and that the slaves therein mentioned be restored to the plantation from whence they were taken, and there kept and maintained according to the testamentary dispositions of the said Julien Poydras. This case has already been before this court. See 9 La. Reports, 488 : and also the case of Poydras vs. Mourain, Idem, 492, in which the clauses of J. Poydras's Will, drawn in question in these cases, are recited and set forth.

In an elaborate opinion of the District Judge he came to

the conclusion that the plaintiff ought not to succeed. There
was judgment for the defendants, and the plaintiff appealed.

*L. Janin*, for the plaintiff.

*Mitchell & Eustis*, for the defendants.

*Garland, J.* delivered the opinion of the court.

This case has already been before the court on a point not affecting the merits, in the decision of which, the object of the plaintiff in instituting the suit is stated and the material facts detailed. See 9 La. Rep. 488. The case is now before us on a final judgment in favor of the defendants, from which the plaintiff has appealed. The points to be decided, arise under those clauses of the Will of the late Julien Poydras, relating to the slaves on his different plantations at the time of his death, which provisions are fully stated on page 493 of the volume referred to. Taylor, the principal defendant, purchased one of those plantations with the slaves on it, with an express stipulation, that he took it and them subject to all the obligations and conditions imposed by the Will, and he further engages to comply with all those conditions and discharge the obligations according to their tenor, which relate principally to the emancipation of the slaves at a certain period, and keeping them on the plantation until that period arrives.

In May, 1835, Taylor sold a number of these slaves to his co-defendants, which sales, the plaintiff alleges are in violation of the contract and title under which he holds them and the plantation, and he asks that they be annulled and the slaves replaced in the possession of the seller. The principle involved in this case was decided in the case of Poydras vs. Mourain, 9 La. Rep. 492, which was before us in a form of action somewhat different, but seeking the same object, that is, to preserve the property in the condition the testator designed it should remain, until the time shall arrive when the provisions of the Will are to take effect. That was an injunction to arrest a sale about to be made, this suit is to annul

sales of property similarly situated, already made. Both involve the question whether the slaves can be sold separate from the plantation they are on.

The judgment of this court in the case of Poydras vs. Mourain seems to us to settle this, and if it were not that the District Judge who tried this cause, and the counsel for the appellees insist so strenuously that that decision is contrary to the one given in the case of Moosa vs. Allain; 4 N. S. 99, we should at once give a judgment in favor of the plaintiff. But when a Judge so learned as he who tried this cause, reviews so critically the opinion of this court and dissents from and overrules it, on the ground that a previous and contradictory judgment has been rendered by it, we feel bound to pause, and examine how the facts are; and if opposing opinions exist, then to decide which is the most reasonable and just, and conform our judgment to it. We have therefore diligently examined the two cases and shall endeavor to show no such contradiction exists as is alleged.

In ascertaining what the decision of any court is in a particular case, it is important that the statement of the pleadings and facts should be separated from the judgment, and it is not to be taken for granted that all the recitals in an opinion have the approval of the court. A neglect of this necessary precaution has perhaps led the learned Judge into a mistake, which he will probably discover when he shall again examine these cases.

Moosa was a slave of the late Mr. Poydras, on one of the plantations at the time of his decease, and was with other slaves, sold with it to Allain under the provisions of his Will. Allain afterwards sold him separate from the plantation, and Moosa, who was a slave, brought suit against Leblanc the vendee and Allain the vendor, to annul the sale and cause himself to be restored to the plantation. The court decided that the plaintiff was a slave and in an action of that kind could not sue or stand in judgment, and therefore decided against him. The questions which the slave wished to have

decided were not considered at all, and the presiding Judge of this court in giving its judgment in the case of Poydras vs. Mourain says so expressly. He says they could not be, as Moosa had no right to appear in court at that time. 9 La. Rep. 504. In the other case the right of the plaintiff to sue was maintained and a judgment rendered on the points in controversy, which we do not see any reason for changing.

In both the cases cited, the court has said the power of the master over the person of the slave is absolute until the time fixed for his emancipation shall arrive, and he is entitled to his labour wherever he chooses to have it performed, but that does not involve the power to sell, or so dispose of the slave, as to prevent him at the proper time from exercising the rights conferred by the Will, or to render the exercise of them so burdensome, precarious and difficult as to make the rights themselves almost, if not quite worthless.

We shall not upon the invitation of the counsel for the appellees, or following the example of the District Judge, be drawn into any decision upon the testamentary dispositions of Mr. Poydras in relation to the emancipation of his slaves, the annual stipends to be allowed them and their residence upon the plantations to which they belong. The time for such a discussion has not arrived, and those as much or more interested than the defendants in these questions are not before us. The public, the heirs and the slaves will have a deep stake in the questions that will arise some years hence; until then, we shall only use our conservatory powers to keep the slaves and property in the situation intended by the testator.

The defendant, Taylor, by the very title he holds his property, is bound to comply with certain onerous conditions imposed by him from whom he derived it. He seems desirous of escaping from the performance of those obligations, and interposes the objections he may be likely to encounter in the effort and various questions of public policy, as reasons why he should not attempt it; all of which it would, perhaps, have been more prudent for him to have considered before making

the purchase. The zeal now manifested for the peace, happiness and prosperity of the country is so nearly and obviously allied with private interest, as to deprive it of the charm or merit of disinterested patriotism. As he has made the contract he must abide by it, until all interested shall have an opportunity of being heard, and then we have no doubt justice will be extended to all.

In the present state of the case, we cannot proceed to judgment between the defendant, Taylor, and his co-defendants, on his warranty to them, or any questions arising out of the sale; the case, so far as it respects them, must be remanded to the District Court for a new trial.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and this court proceeding to give such judgment as in its opinion ought to have been rendered in the court below, does further order, adjudge and decree, that each of the sales made on the 28th day of the month of May, in the year 1835, by the said William Taylor, to his co-defendants, slaves Genevieve, Harry Congo, Clarisse Hibou, Charles, Robin and Hannah, be annulled, set aside and rescinded, and each of said defendants are adjudged to restore the slave or slaves so purchased by him, to the possession of said William Taylor, there to remain attached to the plantation purchased by him of Bennett Barrow, as described in the sale on file in the record, until otherwise disposed of according to law. The costs which the plaintiff is entitled to recover in this court and the District Court, to be paid by the defendants. And it is further ordered that the case, so far as it relates to the claims of the defendants, Sneed, Coyle, Laurans, Jontes and Falconer, on their co-defendant, Taylor, in warranty, be remanded to the District Court, to be proceeded in according to law.