MARGARET E. NIMMO and others *v.* CALEB D. BONNEY and another, Executors.

A bequest by which the testator directs that certain slaves shall be given to his legatees, to serve them until such slaves attain a certain age, when they are to be emancipated, is not a *fidei commissum.* The emancipation is a donation to the slaves of their value, to be received at a future and fixed period ; and the usufruct, or hire of them in the mean time, is a legacy to those in whose favor it is made.

Where slaves are directed by a testator to be immediately emancipated by his executors, the heirs of the deceased will be entitled to retain them in their possession, and to enjoy their services, until they can be legally emancipated.

Action by the heirs against the executors to recover the possession of certain slaves until they can be legally emancipated, in compliance with the will of the testator and the value of their services from the death of the ancestor : *Held,* that, the petitioners having proved their heirship only on the trial of the cause, the executors, who were rightfully in possession of the slaves and bound to keep them, are not accountable for the value of their services.

APPEAL from the District Court of East Baton Rouge, *Johnson*, J.

MORPHY J.   The petitioners have taken this appeal from a judgment of nonsuit rendered against them below.   As the heirs at law of their uncle George Langley, late of the parish of East Baton Rouge, they claim the delivery of a certain number of slaves, which the deceased, by his last will and testament, left in the possession of the defendants as his executors and legatees.   In his will, executed in the olographic form in 1835, the deceased bequeathed to each of the defendants a portion of his slaves, to serve them, and their heirs, until they should severally arrive at the age of thirty years, at which time, he desired, that the said slaves should each of them be emancipated.   After this bequest the will contains the following clause, to wit : "It is my desire that the following named slaves be emancipated immediately at my decease, namely : *Comfort*, aged 33 years ; *Nancy*, 33 years ; *Katy*, 21 years ; *Henry*, 18 years ; *Elena*, 12 years ; and *James*, 2 years ; and, after all my debts are paid as before named, that all my personal property be equally divided between the five following named slaves, which I wish emancipated immediately after my death, namely : Nancy, Katy, Henry, Elena and James, and that they be under the special care and protection of both my executors, Caleb D. Bonney and Thompson W. Bird ; and finally that both my executors see the above testamentary dispositions strictly complied with."   The record does not show the precise date of the death of George Langley.   It seems however to have taken place in 1836, but his will was probated and letters testamentary ordered to be delivered to the defendants only on the 16th of May 1838, since which time it does not appear that they took any steps to carry into effect the will of the deceased, in favor of those slaves whose immediate emancipation was ordered ; but they have always kept them in their possession.   Evidence taken under a commission shows, that George Langley never married, and left no forced heirs in the ascending line.   It further establishes that the petitioners are the legitimate daughters of James and William Langley, two brothers of the deceased.

Under these facts, it has been contended on the part of the plaintiffs and appellants :

*First.* That the clause of the will bequeathing certain slaves to the defendants, to serve them until the age of thirty years and then to be emancipated, contains a *fidei commissum*, and is therefore void even with regard to the defendants.

*Second.* That the other negroes, whose immediate emancipation is ordered by the will, continue to be slaves until such emancipation is made according to law, and that as such, they must be surrendered to the legal heirs of the deceased.

I. We cannot view the bequest to the defendants as a *fidei commissum*, or substitution, within the meaning of article 1507 of the civil code. It has none of its features. The defendants are not charged to preserve for, or return any property to a third person, who must remain without any acquired right to it, until their death. During a limited time and until an emancipation of the slaves can lawfully take place, the defendants are allowed to enjoy their services and labor, as the heirs at law of the deceased would have enjoyed them, in case the will had simply ordered them to be emancipated at the age of thirty years. The slaves themselves are not, in the mean time, without some acquired rights under the will. As *statu liberi* they become capable of receiving by testament or donation, and of standing in judgment to claim the protection of the laws to prevent their removal out of the state. Civil Code, arts. 193, 194, 196. This clause of the will comes we think more properly within the purview of article 1509. The emancipation of the slaves is a real donation to them of their value, to be received under the will at a future and fixed period, while the usufruct, or hire, of such slaves in the mean time, forms a legacy to the defendants. Dispositions of this kind are believed not to be of unfrequent occurrence in this country, where slaves cannot, except in certain cases, be emancipated under the age of thirty years. 1 Robinson, 115.

II. No attempt has been made to explain why the executors have thus far neglected to carry into effect the will of the testator, in relation to the slaves who were to be emancipated immediately after his death. As the plaintiffs have averred in their petition that these slaves were not born in the state, and this allegation has not been denied in the answer, or disproved on the trial, it may account for their inaction, at least as to such of them as are

under thirty years. The law of the 31st of January 1831, which authorizes the Police Jury of each parish to permit the emancipation of slaves under that age, upon a proper showing being made to them, applies only to slaves born in the state. B. & C's. Dig. p. 429. But be this as it may, it is clear that these negroes did not become absolutely free by the homologation of the will of Langley ; that they can become so, only by a compliance with the formality required by law for the emancipation of slaves ; and that until this be done, they continue to be slaves, and owe their services and labor to the estate of the deceased. Civil Code, 184. 4 Mart. N. S. 102. 7 Ib. N. S. 351. 18 La. 15. The question to be decided is, not whether these negroes are entitled or not to their emancipation under the will, but whether, as long as they remained slaves, the petitioners have not a better right than the defendants to detain them in their possession, and enjoy their services and labor.

It is not easy to perceive what right the defendants can set up in opposition to that of the heirs at law of the deceased. Even if under the will, they ever had the seisin of the estate, which from the wording of that instrument does not clearly appear, it expired long before the institution of this action. How then can they refuse to surrender to the petitioners property in their hands belonging to the estate of their uncle, and undisposed of by his will? This surrender will not impair the right of the slaves to obtain their emancipation whenever it can legally take place ; nor can it prevent the executors from executing their trust, in the same manner as if they never had the seisin of the succession, and it had passed immediately into the hands of the heirs at law on the death of the testator. This they can the more easily do, as under the law approved March 13th, 1837, they are to continue in office until the estate shall be wound up, and their trust fully discharged. Civil Code, arts. 1652, 1665. B. & C's. Dig. p. 3.

As to the hire of the slaves, the defendants are not, in our opinion, accountable for any. They were rightfully in possession of them, and were bound to keep them. They could not surrender them to the petitioners who, before the institution of the present action had not caused themselves to be recognized as the

legal heirs of the deceased.   It is only on the trial of this cause
that they proved their heirship.   Civil Code, art. 1181.

It is therefore ordered that the judgment of the District Court
be reversed, and that the plaintiffs do recover the possession of
the slaves  *Comfort, Nancy, Katy, Henry, Elena* and *James,* and
enjoy their services until they be lawfully emancipated according
to the will of their late master ; the costs of both courts to be
borne by the appellees.

*T. G. Morgan,* for the appellants.

*Elam,* for the defendants.