(80 South. 262)

No. 22857.

BERGERON v. TEXAS & P. RY. CO.

(Nov. 4, 1918. Rehearing Denied Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. COMMERCE ⚖⟫8(6)—INTERSTATE COMMERCE —PERSONAL INJURY TO EMPLOYÉS.

Liability of interstate railroad carriers for compensation for personal injuries to employés engaged in interstate commerce is regulated by the federal Employers' Liability Act (U. S. Comp. St. 1916, §§ 8657–8665), and, as Congress has exercised legislative authority covering subject, there is no authority for state regulation, even as to injuries occurring without fault, as to which federal law affords no remedy.

2. MASTER AND SERVANT ⚖⟫365—EMPLOYERS' LIABILITY ACT — APPLICATION—INTERSTATE COMMERCE.

State Employers' Liability Act, as amended by Act No. 243 of 1916, which by section 30 of original act excludes its application to any employer acting as a common carrier in interstate commerce by railroad, does not apply where a deceased servant's employer was so engaged, regardless of whether servant's work was a part of railroad's interstate commerce.

3. COMMERCE ⚖⟫27(5)—INTERSTATE COMMERCE —COMPENSATION FOR PERSONAL INJURY— POWER OF CONGRESS.

Congress has legislative power to establish a rule of liability of railroads engaged in interstate commerce and the method of compensation for personal injuries to their employés, even as to employés whose work is not of itself interstate commerce and even as to injuries occurring without fault.

4. COMMERCE ⚖⟫8(6)—INTERSTATE COMMERCE —COMPENSATION FOR PERSONAL INJURY— DISREGARD OF SAFETY APPLIANCE ACTS.

Though compensation for injuries to persons engaged in intrastate commerce be of no concern to Congress, the liability of interstate carriers to pay such compensation because of their disregard of federal Safety Appliance Act of March 2, 1893, as amended by Acts of April 1, 1896, March 2, 1903, and April 14, 1910 (U. S. Comp. St. 1916, § 8605 et seq.), is within control of Congress and within constitutional grant of authority as to interstate commerce.

Appeal from Twenty-First Judicial District Court, Parish of Iberville; Joseph E. Le Blanc, Judge.

Suit by Mrs. Milda Bergeron, widow, for herself and on behalf of her children, for compensation under the state Employers' Liability Act for the death of her husband, a yard foreman, against the Texas & Pacific Railway Company. Judgment for the widow and children, and defendant appeals. Judgment annulled and plaintiff's demand rejected and suit dismissed.

Howe, Fenner, Spencer & Cocke, of New Orleans, and Albin Provosty, of New Roads, for appellant.

W. P. Obier, Charles E. Schwing, and J. H. Pugh, all of Plaquemine, for appellee.

O'NIELL, J. The plaintiff's husband was run over and killed by a switch engine of the defendant company while he was performing his duties as yard foreman, employed by the company. The railway company is a common carrier, and was engaged in interstate as well as intrastate commerce at the time of the accident. The eastern terminus of the road is at New Orleans, La., and the western terminus at El Paso, Tex. The accident happened at Addis, La., a junction point on the main line, through which pass interstate freight and passenger trains of the defendant company, and where the defendant has extensive railroad yards.

This suit was brought by the widow, for herself and on behalf of her children, for compensation under the Employers' Liability Act, the Act No. 20 of 1914, as amended by the Act No. 243 of 1916. Judgment was rendered in favor of the widow and children,

giving them compensation at the rate of $8 per week for 300 weeks, and $64.75 for the expenses of the funeral of the deceased employé. The defendant prosecutes this appeal.

[1] Appellant's defense is that the Employers' Liability Act of the state does not apply to an employer engaged in interstate commerce as a common carrier by railroad. It is conceded by the learned counsel for appellee that the statute would not afford a right of action for compensation in this case if the work in which the deceased employé was engaged at the time of the accident was a part of the interstate commerce in which the railway company was engaged. That is because the liability of interstate railroad carriers for compensation for personal injuries suffered by their employés while engaged in interstate commerce is regulated by the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1916, §§ 8657–8665]); and, as Congress has exercised legislative authority covering the subject, there is no authority for state regulation, even with regard to injuries occurring without fault, as to which the federal law does not afford a remedy. See New York Central Railroad Co. v. Winfield, 244 U. S. 147, 37 Sup. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139.

[2] Appellee's contention, however, is that the work of the yard foreman was not a part of the interstate commerce in which the railroad company was engaged. There is some doubt on that question, which, however, we have no occasion for deciding; for the fact that the employer was engaged in interstate commerce as a common carrier by railroad is sufficient, in our opinion, to deprive the appellee of a right of action for compensation under Act No. 20 of 1914. Section 30 of the act provides:

"That this act shall not be construed to apply to any employer acting as a common carrier while engaged in interstate or foreign commerce by railroad, which employer, by reason of being engaged in interstate or foreign commerce by railroad, is not subject exclusively to the legislative power of the state of Louisiana, or for which employer and the employé thereof a rule of liability or method of compensation has been, or may be, established by the Congress of the United States; nor shall it apply to any employé of such common carrier injured or killed while so employed."

The defendant, being a common carrier engaged in interstate commerce by railroad, is not subject exclusively to the legislative power of the state of Louisiana. In fact, legislative control of the road, in some respects, had been exercised by the Congress of the United States before this case arose. The railroad rates, for example, are regulated by the Interstate Commerce Commission. The hours of service for railroad employés are limited by acts of Congress. The railroad equipment must conform to federal Safety Appliance Acts. And the railroad company's liability for personal injuries is regulated by the federal Employers' Liability Act.

[3] We have no doubt that the Congress of the United States has legislative power to establish a rule of liability of railroads engaged in interstate commerce, and to establish a method of compensation for personal injuries suffered by the employés of railroad companies so engaged, even as to employés whose work is not, of itself, interstate commerce, and even as to injuries occurring without fault. On that question the Supreme Court of the United States, in Behrens, Administrator, v. I. C. Railroad Co., 233 U. S. 473, 34 Sup. Ct. 646, 58 L. Ed. 1051, Ann. Cas. 1914C, 163, declared:

"Considering the status of the railroad as a highway for both interstate and intrastate commerce, the interdependence of the two classes of traffic in point of movement and safety, the practical difficulty in separating and dividing the general work of the switching crew, and the nature and extent of the power confided to Congress by the commerce clause of the Constitution, we entertain no doubt that the liability of

the carrier for injuries suffered by a member of the crew in the course of its general work was subject to regulation by Congress, whether the particular service being performed at the time of the injury, isolatedly considered, was in interstate or intrastate commerce."

[4] And, with regard to the federal Safety Appliance Act (Act March 2, 1893, as amended by Acts April 1, 1896, March 2, 1903, and April 14, 1910 [U. S. Comp. St. 1916, § 8605 et seq.]), in Texas & Pacific Railway Co. v. Rigsby, 241 U. S. 33, on page 41, 36 Sup. Ct. 482, 60 L. Ed. 874, it was said that although it might be conceded, for the sake of argument, that the mere question of compensation for injuries to persons engaged in intrastate commerce was of no concern to Congress, the liability of interstate carriers to pay such compensation because of their disregard of regulations established primarily for safeguarding interstate commerce was a matter within the control of Congress, and that the right of private action by an employé injured while engaged in duties not connected with interstate commerce, but injured because of a defect in a safety appliance required by the act of Congress to be made safe, was so intimately related to the operation of the act, as a regulation of interstate commerce, that it was within the constitutional grant of legislative authority over the subject.

The Employers' Liability Act of this state, unlike the statutes of some other states on the subject, is not so worded that a case must come within the provisions of the federal Employers' Liability Act to be excluded from the operation of the state statute. In its precise terms, the state statute does not apply to employers engaged in interstate commerce as common carriers by railroad, because railroads engaged in interstate commerce are not subject exclusively to the legislative power of the state, and because, for them and for the employés thereof, the Congress of the United States has authority to establish a rule of liability or method of compensation for personal injuries suffered by the employés.

Our conclusion is that the Employers' Liability Act of this state, on which alone the plaintiff rests her claim, does not give her a right of action for compensation.

The judgment appealed from is annulled, and the plaintiff's demand is rejected, and her suit dismissed at her cost.

PROVOSTY, J., absent on account of illness, takes no part.