LECHE, J.
Plaintiffs, who are the widow and children and- dependents of Samuel Salvaggio, allege that the latter was injured while working as blacksmith for defendant on June 16, 1920, as a result of which injury he died on February 25, 1921, and they pray for compensation in accordance with the provisions of the Employers’ Liability Act (Act No. 20 of 1914). The defenses are (1) that at the time Salvaggio was injured, June 16, 1920, the Employers’ Liability Act did not apply to the defendant company, an interstate carrier; (2) that the act of the Legislature of this state adopted July 8, 1920 (page 464), amending section 30 of Act 20 of 1914 is also inapplicable to this case, having been adopted after the occurrence of the accident to which plaintiffs attribute the death of Salvaggio, because to construe tbe act of July 8, 1920, as having a retroactive effect would amount to a deprivation of defendant’s constitutional and vested rights. Defendant in the alternative finally contends (3) that the death of Salvaggio is not shown to have resulted from the injury which is alleged to have been suffered by him on June 16, 1920.
It is not disputed that defendant is a common carrier, engaged in interstate business, and it is expressly conceded that the work in which Salvaggio was engaged in June 16, 1820, was intrastate.
[1] 1. The first of these defenses is sustained by section 30 of Act 20 of 1914, p. 60, which in part reads as follows:
“That this act shall not be construed to apply to any employer acting as a common carrier while engaged in interstate or foreign commerce by railroad, which employer, by reason of being engaged in interstate or foreign commerce by railroad, is not subject exclusively to the legislative power of the state of Louisiana,” etc.
We said in considering that statute in the case of Bergeron v. T. & P. Railway Co., 144 La. 227, 80 South. 263:
“The fact that the employer was engaged in interstate commerce as a common carrier * * * is sufficient, in our opinion, to deprive the appellee of a right of action for compensation under Act No. 201 of 1914.”
We held further in that case that the act did not apply even if the employee was at the time of the injury engaged in work not connected with interstate commerce.
[2] 2. Whether from its own interpretation of the act or in deference to the Bergeron decision, the Legislature in 1920, by Act 244, p. *69 464, amended and re-enacted section 30 so as to make it unmistakably clear that the act of 1914 would apply even to interstate carriers where the injury or killing occurs while both the employer and employee are engaged at the time in an intrastate operation or movement, and the said operation or movement is not-controlled or governed by United States laws providing for compensation of employees. The amendment would unquestionably bring plaintiffs’ cause of action within the terms of the act, but we are confronted with the fact that plaintiff was injured on June 16, 1920; that the amendment was adopted July 8, 1920, and could not have been promulgated before July 18, 1920, more than 30 days after the injury had been inflicted. There is nothing in the re-enacted section to indicate that it was intended to have a retroactive effect. It was intended to create a right of action where none existed before, and it could not be given a retrospective effect without violating the plainest principles of constitutional law. Cooley’s Const. Limitations, 369.
We are not unmindful of the fact that we held in the case of A. Guderian v. Sterling Sugar & Railway Co. (No. 24544) 91 South. 546,[1] this day decided, that the limitation of time within which an action must be brought for compensation under the Employers’ Liability Act begins to run from the date of the effect resulting from the injury, and not from the date of the injury. It might be contended from that decision that the cause of action of the present plaintiffs only came into existence on February 25, 1921, when Salvaggio died, several months after the amendment of section 30 of the act had been adopted, and therefore to apply the amendment of 1920 to this case would not be giving that amendment a retroactive effect. In the Guderian Case the law was in force when the injury was inflicted, and it is manifest that compensation, which must be based upon the result of the injury, could not be claimed or fixed until such result came into existence, while in the present case, at the time the injury was suffered there was no law imposing upon defendant the obligation to compensate Salvaggio. The Legislature could not enact a statute changing the conditions of a contract of employment in existence prior to the adoption of such statute.
Being of opinion that defendant was not subject to the operation of the Employers’ Liability Act when Salvaggio was injured, we believe that the judgment appealed from should be avoided and reversed, and plaintiffs’ suit dismissed at their costs; and it is so ordered.
Rehearing refused by Division B, composed of Justices O’NEILL, LAND, and BAKER.

 Ante, p. 59.