### No. 8759.
### Orleans Appeal.

C. H. MILLER, Appellant, v. MORGAN'S LA. & T. R. R. AND S. S. CO., ET AL.

(December 2, 1924, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest, Appeal, Par. 758.**
The reasons for judgment form no part of the judgment itself; the thing adjudged must be found in the decree.

2. **Louisiana Digest, Master and Servant, Par. 156.**
The Employer's Liability Act of 1914 as amended by Act 244 of 1920 does not

apply to any employer acting as a common carrier while engaged wholly or in part in interstate commerce by railroad.

(Sec. 30, Par. 1, Employers' Liability Act, No. 20 of 1914, Amended by 244 of 1920 —Editor's Note.)

Appeal from Civil District Court, Hon. Percy Saint, Judge.

This is a suit under the Employer's Liability Act. Judgment for defendant. Plaintiff appealed.

Judgment affirmed.

Vidrine & Kinsella, attorneys for plaintiff and appellant.

Denegre, Leovy & Chaffe, Harry McCall, attorneys for defendant and appellee.

CLAIBORNE, J. This is a suit under the Employer's Liability Act.

Plaintiff alleged that on November 15, 1920, he was working for the Morgan Railroad as brakeman on a train known as the West Local Freight operated between Lafayette and Lake Charles, both in Louisiana; that in the course of his employment he alighted from a car of the train and in so doing put his foot upon a pile of rocks and slipped and sustained a severe contusion of the knee and a permanent injury which entitles him to $18 a week for 300 weeks, subject to a credit of $65 paid to him by the defendant.

By a supplemental petition plaintiff made the Louisiana Western Railroad Company a party defendant.

The Morgan Railroad denied all the allegations of plaintiff's petition.

The Louisiana Western Railroad Company answered that the plaintiff was employed by it and not by the Morgan Company and averred: "But it is not true, as this article would imply, that the train on which the said Miller was so employed at the time of the injury was a local train in the sense of being engaged in 'intrastate' commerce only."

The said train was actually engaged as a common carrier in "interstate and foreign commerce", and plaintiff, working on the said train, was actually engaged in "interstate and foreign commerce", for many of the cars making part of said train, and the freight in the said cars, were in the course of "interstate and foreign transportation"; that by Section 30 of Act No. 20 of 1914 as amended by Act 244, p. 60, of 1920; p. 464, it is provided "that this Act shall not be construed to apply to any employer acting as a common carrier while engaged in interstate or foreign commerce by railroad, provided that the employee of such common carrier was injured or killed while so employed and c"; that therefore plaintiff's action does not lie under said act; that his rights are fixed by Act of Congress of April 22, 1908, Ch. 149, 35 Statutes at Large, p. 65.

The Louisian Western Railroad Co. subsequently filed an exception of no cause of action.

There was judgment in favor of defendant, "Morgan's Louisiana and Texas Railroad and Steamship Co.", and against plaintiff, Clarence Hugh Miller, rejecting the said plaintiff's demand, at his cost.

In his reasons for judgment the judge overrules the exception of no cause of action and says:

"As to the merit of the case against both defendants it is clear that the train upon which the plaintiff was employed at the time of the injury was engaged in interstate commerce, it being shown that the cars contained freight destined for other States and foreign countries. Plaintiff's remedy is under the Federal Employer's Liability Act. Plaintiff's suit is dismissed at his cost."

The plaintiff appealed from the judgment rendered May 16, 1922, and signed May 26, 1922, "in favor of the defendant".

The reasons for judgment or the opinion are not the judgment, although those reasons may bear the judge's signature.

"The reasons for judgment form no part of the judgment itself, though they may be consulted to explain an ambiguity. The thing adjudged will be found, not in the opinion pronounced, but the decree rendered." Keane vs. Fisher, 10 La. Ann. 261; Davis vs. Wilcoxon, 10 La. Ann. 640; West Feliciana R. Co. vs. Thornton, 12 La. Ann. 736; John Chaffe & Bro. vs. Morgan, 30 La. Ann. 1307; Police Jury of Lafourche vs. Police Jury of Terrebonne, 48 La. Ann. 1299, 20 So. 708; John Davidson vs. Carroll, Hoy & Co., 23 La. Ann. 108; State vs. Rightor, 38 La. Ann. 559; Plicque & Lebeau vs. Perret, 19 La. 324; Fuselier vs. Babineau, 14 La. Ann. 767; Poydras vs. Taylor, 18 La. 14.

The only judgment rendered in the case and the only one appealed from is that rendered May 16 and signed May 26, 1922. The other defendant, the Louisiana Western Railroad Company, is not mentioned in that judgment and therefore, as there is no judgment for or against it, the appeal from the judgment does not bring it before us.

Considering therefore the only judgment before us, the one in favor of the Morgan Railroad and against the plaintiff, it is undoubtedly correct.

The evidence is that the plaintiff was not employed by the Morgan Railroad but by the Louisiana Western Railroad, and was injured on the latter road. In his petition he alleges that he was working "as head brakeman on a train known as the West Local Freight operated from Lafayette, Louisiana, to Lake Charles, Louisiana." He testifies, p. 6:

Q. Now, this train operates exclusively within two points within the State?
A. Yes, between Lafayette and Lake Charles.
Q. By what railroad?
A. Louisiana Western.

Q. It operates between * * *
A. Between Lafayette, Louisiana, and Lake Charles, Louisiana.

That is as far as that train goes.

Q. Is that a branch of the Morgan's Louisiana and Texas Railroad and Steamship Co.?
A. No sir, that is the main line.
Q. That really then is the Louisiana Western Railroad?
A. Louisiana Western Railroad Co.; the Division is called the Louisiana Western.
Q. There is no doubt of course that the road on which you were injured was the Louisiana Western Railroad?
A. Yes, that's it, Louisiana Western Division, it is known by.
Q. It is the Louisiana Western Railroad Co., isn't it?
A. Yes, sir.

Filed in the transcript is a receipt in these words:

"Received of Louisiana Western Railroad Company Sixty-five Dollars in full settlement and complete satisfaction of all claims and causes of action against it and, etc."

Also a check in these words:

"No 11449, Louisiana Western R. R. Co.
Lafayette, La., 12-11-20.

At sight pay to the order of C. H. Miller, Sixty-five Dollars for personal injuries received at or near Rayne, La., November 15, 1920, while employed as brakeman on Local Freight getting off engine to the switch.

(Signed)   St. D. J. DeBlanc,
Treasurer L. W. R. R. Co.
J. W. Ethridge, Claim Agent."

The plaintiff admitted having signed the receipt and endorsed and collected the check.

In addition to this evidence it appears by the testimony of witnesses and by waybills that the cars from which plaintiff was injured were at the time of his injury actually engaged in interstate commerce with freight from Jeanerette and other Louisi-

ana towns to Houston, Galveston, Lufkin, and Fort Worth, Texas, bringing plaintiff's case squarely within Act 244 of 1920. Salvaggio vs. Illinois Cent. R. Co., 151 La. 66, 91 So. 549; Thaxton vs. Louisiana Ry. & Nav. Co., 153 La. 292, 95 So. 773; Bergeron vs. Texas & P. Ry. Co., 144 La. 225, 80 So. 262; No. 9123 Ct. App.; Roberts on Federal Liabilties of Carriers, Sec. 455, p. 782; 229 U. S. 146; 253 U. S. 284; 238 U. S. 260; 256 U. S. 332.