KURN et al. v. WHEELER et al.

No. 30230.    Oct. 7, 1941.

*117 P. 2d 803.*

Cruce, Satterfield & Grigsby and Ben Franklin, all of Oklahoma City, for petitioners.

Joe B. Houston and Parke·Davis, both of Oklahoma City; and Mac Q. Williamson, Atty. Gen., for respondents.

M. D. Green and W. R. Bleakmore, both of Oklahoma City, amici curiae.

OSBORN, J. This is an original action instituted in this court by James M. Kurn and John G. Lonsdale, as Trustees of the Estate of the St. Louis-San Francisco Railway Company, hereinafter referred to as petitioners, to review an award of the State Industrial Commission entered against petitioners and in favor of Lloyd Clifton Wheeler, hereinafter referred to as respondent.

Respondent was employed by petitioners as a section hand and during the course of such employment sustained an injury to his left eye. The nature and extent of the injury and disability are not involved herein. The sole question presented is whether or not the State Industrial Commission is vested with jurisdiction of the employment herein involved.

The essential facts are admitted. Petitioners operate a railroad engaged in interstate commerce. Respondent was employed upon the Perry subdivision of the western division, which comprises an intrastate line with termini in Enid and West Tulsa. Respondent's duties consisted of assisting in maintaining the tracks over which the trains operated. The details of the work consisted of putting in cross-ties, laying rails, cleaning up the right of way, cutting vegetation off the right of way, building fences, tearing down and repairing fences, ditching, and other similar duties. With reference to the tools used by respondent, it is shown that he used a pick and shovel, malls or hammers to drive nails with, wire stretchers, chisels, tongs and other tools of similar nature; that the only machinery with which he came in contact in the course of his employment was a small motorcar used to transport section hands to and from work.

Petitioners' principal argument for vacation of the award is predicated upon the following proposition:

"The Oklahoma Workmen's Compensation Act (secs. 13349-13350, O. S. 1931) specifically excludes from the jurisdiction of the State Industrial Commission claims for compensation by employees of 'railroads engaged in interstate commerce.' "

The argument of respondent is predicated upon the following counterproposition:

"The State Industrial Commission has jurisdiction over claims for compensation of employees of 'railroads engaged in interstate commerce,' where said employee is injured while engaged in work of an intrastate character."

It is conceded that the question is new in this jurisdiction and is determinable by construing the provisions of the Workmen's Compensation Law defining hazardous employments. Section 1, ch. 61, Session Laws 1923, 85 Okla. St. Ann. § 2 (sec. 13349, O. S. 1931), enumerates as hazardous certain employments, and there is specifically included therein "railroads *not engaged* in interstate commerce." Subsection 1, sec. 2, ch. 61, Session Laws 1923 (sec. 13350, O. S. 1931) 85 Okla. St. Ann. § 3, provides:

" 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incidental to one of the industries, plants, factories, lines, occupations or trades mentioned in section 7283, except employees engaged as clerical workers exclusively, and *shall not include any one engaged* in agriculture, horticulture, or dairy or stock raising, or *in operating any railroad engaged in interstate commerce.*"

(It appears that in the compilation of O. S. 1931, there is an error by reason of an omission of a word.)

We do not find it necessary to determine whether or not the duties embraced within the employment of the respondent constituted work of an interstate or intrastate character. For the purposes of this opinion it will be assumed that said duties were hazardous and constituted work not connected with *interstate* commerce.

There are no adjudicated cases involving identical statutes. A somewhat similar case was before the Supreme Court of Nebraska in the case of Chicago, B. & Q. Ry. Co. v. Amack, 112 Neb. 437, 199 N. W. 724, wherein an

employee of the railway company, who was engaged in constructing concrete culverts under a wooden trestle upon the main line of the railway company, was killed and a claim was made for compensation under the Workmen's Compensation Act of Nebraska. It was therein said:

"The Workmen's Compensation Law (subdivision 2, sec. 3029, Comp. St. 1922) is as follows: 'Railroad companies engaged in interstate or foreign commerce are declared subject to the powers of Congress and not within the provisions of this act.' Held, that such language is plain, clear, and not subject to construction or interpretation, that the court has no power to amend the statute, and that an employee of such a railroad is not within the provisions of the law."

We quote further from the body of the opinion:

"Granting that deceased was not engaged in interstate commerce, is such an employee or his dependents entitled to compensation under the law? Section 3029, Comp. St. 1922, is a general statute. The first subdivision provides:

" 'The provisions of this act shall apply to the state of Nebraska and every governmental agency created by it, and to every employer in this state employing one or more employees, in the regular trade, business, profession or vocation of such employer.'

"The second subdivision is as follows:

" 'The following are declared not to be hazardous occupations and not within the provisions of this act: Employers of household domestic servants and employers of farm laborers. *Railroad companies engaged in interstate or foreign commerce are declared subject to the powers of Congress and not within the provisions of this act.'*

"The determination of the question depends upon the intention of the Legislature as expressed in this section. The first subdivision is inclusive in the classification of employers, and the second subdivision is exclusive. It is expressly provided that employers of household domestic servants, employers of farm laborers, and railroad companies engaged in interstate or foreign commerce are not within the provisions of this act. Can language be more clear and positive? The contention of claimant is that the statute should be read as if it contained the word 'while' or 'when,' as follows:

" 'Railroad companies "while" or "when" engaged in interstate or foreign commerce are declared subject to the powers of Congress and not within the provisions of this act.'

"Is the court authorized to amend the act in this manner? The rule is that if the language of a statute is ambiguous the courts may construe it, but if the language is plain and unambiguous, to attempt to give it any other than its plain meaning would be judicial legislation. The legislators evidently did not have in mind the contingency that railroads engaged in interstate commerce might be employers of labor not connected with such commerce, and made no provision for such a contingency. It is argued that the statute must be construed liberally. This we concede, and this has been the uniform holding of this court, but a liberal construction cannot supply a deliberate omission."

See Salvaggio v. Illinois Cent. R. Co., 151 La. 66, 91 So. 549, and Spokane & I. E. R. Co. v. Wilson, 104 Wash. 171, 176 P. 34. Most of the states have eliminated the question by specific statutory provisions. See 80 A.L.R. 1418.

We have examined the other authorities cited in the briefs and find that, due to the various fact situations existent in those cases, none of them is applicable to the proposition presented here.

The language: "shall not include anyone engaged in . . . operating any railroad engaged in interstate commerce" is plain and unambiguous and its meaning clear and unmistakable; therefore there is no room for construction. If the operation of any railroad includes operations in interstate commerce, it is expressly excluded from the operation of the Workmen's Compensation Law. This is the plain meaning of the statute defining hazardous employments to which the provisions of the Workmen's Compensation Law are applicable. There is no language employed in the statutes

from which a legislative·intent may be inferred that the exclusion of said railroads from the operation of the Workmen's Compensation Law should be applicable only to the interstate operations of such railroads, and we may not, under the guise of construction, interpolate such language into the statute.

The State Industrial Commission was without jurisdiction of the claim involved herein.

The award is vacated and the cause remanded, with directions to dismiss the claim.

CORN, V. C. J., and RILEY, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., absent.