VALLEJO v. ATCHISON, T. & S. F. R. CO. et al.

No. 31703. Oct. 17, 1944.

Rehearing Denied Dec. 12, 1944.

*153 P. 2d 811.*

Claud Briggs, of Oklahoma City, for petitioner.

Rainey, Flynn, Green & Anderson and M. M. Gibbens, all of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Blas R. Vallejo, hereinafter referred to as petitioner, to obtain a review of an order made by trial commissioner and on appeal affirmed by the State Industrial Commission which denied for jurisdictional reasons a claim to compensation against the Atchison, Topeka & Santa Fe Railway Company, hereinafter referred to as respondent.

Petitioner, while employed by the respondent, a steam railroad engaged in interstate commerce on July 10, 1943, sustained an accidental personal injury while engaged in the removal of a spur track which was not a part of respondent's railroad but which had been there-

tofore used in making deliveries of freight in interstate commerce to the North Naval Base at Norman. The petitioner, acting upon the assumption that his injury had been sustained in an employment within the jurisdiction of the State Industrial Commission, filed therewith employee's first notice of injury and claim for compensation. The respondent challenged the jurisdiction of the State Industrial Commission to entertain the claim or to make any order therein save one of dismissal for the reason petitioner was an employee of a steam railroad engaged in interstate commerce and therefore excluded by the provisions of the Workmen's Compensation Act (85 O. S. 1941 § 3 subd. 1) from its benefits. A trial commissioner conducted hearings to determine liability and extent of disability and at the conclusion thereof made the following findings of fact:

"1. That on July 10, 1943, the claimant was in the employ of respondent herein, and on said date suffered an accidental personal injury arising out of and in the course of his employment consisting of an injury to his left eye, resulting in 100% loss of said eye.

"2. That at the time of said accidental injury claimant's average daily wage was $5.28 per day, thereby fixing the compensation rate at $18.00 per week.

"3. That claimant was a section laborer whose work included maintaining and repairing tracks used for the transportation of trains in interstate commerce and his said accidental injury occurred while he was on duty but not engaged in interstate commerce.

"4. That at the time of said accidental injury said claimant was an employee of a steam railroad engaged in interstate commerce."

The trial commissioner upon the findings of fact above quoted denied compensation for lack of jurisdiction of the parties or the subject matter. On appeal to the State Industrial Commission sitting en banc the findings of fact so made and the order so entered were adopted and approved by the State Industrial Commission. This is the order we are now called upon to review.

Petitioner contends that the order is illegal in several respects, but principally for the reason that the evidence shows that he was engaged at the time of his injury in work not incident to interstate commerce, and argues that this brought him within the protection of the Workmen's Compensation Act (85 O. S. 1941 § 1 et seq.) irrespective of the fact that he was at the time of his injury an employee of a steam railroad engaged in interstate commerce. It is the theory of the petitioner that it is the thing which the employee is doing at the time of injury rather than the employment in which he is engaged which controls the right to compensation. The contention of petitioner in this respect is contrary to many well considered opinions of this court, and is not supported by the cases of Adams v. Iten Biscuit Co., 63 Okla. 52, 162 P. 938; Ohio Drilling Co. v. State Industrial Commission, 86 Okla. 139, 207 P. 314, which petitioner cites and relies upon. An analogous situation to the case at bar was presented and decided adversely to the contention of petitioner in the recent case of Kurn v. Wheeler, 189 Okla. 435, 117 P. 2d 803, wherein it was said:

"Under the provisions of sections 13349 and 13350, O. S. 1931, 85 Okla. St. Ann. §§ 2 and 3, anyone engaged in operating any railroad engaged in interstate commerce is expressly excluded from the operation of the Workmen's Compensation Law, and the State Industrial Commission is without jurisdiction to entertain a claim for compensation against the operators of such a railroad, filed by an injured employee, even though the duties embraced within the employment of such employee constitute hazardous employment in work not connected with interstate commerce."

Petitioner contends, however, that the rule announced in the above-cited case has been abrogated by amendment of the statute by the Eighteenth Legislature (85 O. S. 1941 § 2). The contention so made cannot be sustained. Prior to the amendment the statute, O. S. 1931 § 13349, provided in part as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: . . . and railroads not engaged in interstate commerce."

Employees of railroads engaged in interstate commerce were expressly excluded from the operation of the act. The Eighteenth Legislature amended the statute (Title 85 S. L. 1941, chap. 1-a, § 1) to read in part as follows:

"Compensation provided for in this act shall be payable for injuries sustained by employees engaged in the following hazardous employments, to wit: . . . and steam railroads not engaged in interstate commerce; . . ."

It will be observed that the amendment does not enlarge but rather restricts the provisions of the act by limiting the coverage to employees of steam railroads not engaged in interstate commerce rather than excluding employees of railroads engaged in interstate commerce as was previously the case. Similarly, prior to the amendment it was provided by O. S. 1931 § 13350, in part as follows:

"1. 'Hazardous employment' shall mean manual or mechanical work, or labor, connected with or incident to one of the industries . . . mentioned in section 7283 (13349) . . . and shall not include any one engaged in agriculture . . . or in operating any railroad engaged in interstate commerce. . . ."

The quoted section was amended by Title 85 S. L. 1941, chap. 1-a, § 2 to read as follows:

"(1) 'Hazardous employment' shall mean manual or mechanical work or labor, connected with or incident to one of the industries . . . mentioned in section 13349 . . . and shall not include any one engaged in agriculture . . . or employees of steam railroads engaged in interstate commerce."

It will be observed, therefore, that whereas the statute formerly excluded anyone engaged in operating a railroad engaged in interstate commerce, the amendment excluded employees of steam railroads engaged in interstate commerce, a more comprehensive exclusion than that which theretofore obtained, but in a more limited field.

Insofar as the right of the petitioner to compensation is concerned, the amendment, supra, is without effect upon his status, and what has heretofore been said in Kurn v. Wheeler, supra, is decisive and controlling.

Petitioner submits a collateral inquiry as to the applicability of the Federal Employers' Liability Act (53 U.S.S. at L. 1404, 45 U.S.C.A. § 51) to his case, but as this is foreign to the issue submitted for our determination, we decline to express any opinion thereon.

The order made by the trial commissioner and affirmed by the State Industrial Commission was and is in all respects a proper one and in conformity with the statute and prior decisions of this court.

The order is therefore sustained.

CORN, C.J., GIBSON, V.C.J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur.