# CHARLES J. MATTHIESEN, Respondent, v. META MATTHIESEN, Appellant.

(214 N. W. 460.)

**Divorce — husband's obligation to support wife — not lessened by divorce proceedings.**

1. Section 4409, Complied Laws of 1913, places upon the husband the duty of supporting himself and his wife out of his property or labor, and this obligation is not lessened by his institution of a divorce action.

**Divorce — husband must pay temporary alimony, etc., when.**

2. Under § 4402, Compiled Laws of 1913, a discretion is vested in the district court to require either party to pay as alimony any money necessary for the support of the other party or the children of the marriage, or to prosecute or defend the action; and in an action for divorce instituted by the husband, where it appears that he is in possession of the property of the parties, it is *held* that he should be required to pay temporary alimony, suit money and attorneys' fees, notwithstanding that the wife might be able to raise money for support and maintenance and to defend the action by mortgaging her property.

Opinion filed June 16, 1927.

Divorce, 19 C. J. § 497 p. 204 n. 46; § 498 p. 205 n. 50; § 499 p. 206 n. 69. Husband and Wife, 30 C. J. § 29 p. 517 n. 51.

Appeal from the District Court of Morton County, *Berry, J.*
Order reversed.
*O'Hare & Cox,* for appellant.
*Sullivan, Hanley, & Sullivan,* for respondent.

BIRDZELL, Ch. J.   This is an appeal from an order entered in the district court of Morton county denying the defendant's motion for temporary alimony, suit money, attorneys' fees and for an order restraining the plaintiff from disposing of his property during the pendency of the action.   The plaintiff and respondent brought an action for

Annotation.— (2) Wife's possession of independent means as affecting her right to temporary alimony or allowance for support of children, see annotation in 15 A.L.R. 78; 1 R. C. L. 894, 895; 4 R. C. L. Supp. 60.

divorce, alleging that he and the defendant, the appellant, were married on December 17, 1904, and charging that for more than a year last past the defendant had been guilty of cruel and inhuman treatment towards the plaintiff; that she had often called him vile and indecent names, and that for more than three years last past she had not cohabited with him, and that such cruel and inhuman treatment had caused him grievous mental suffering. The defendant filed an answer and cross-complaint charging the plaintiff with acts of cruelty and inhuman treatment and with habitual intemperance. She likewise charged that the plaintiff owned real and personal property, free and clear of incumbrance, valued at approximately $40,000; that the greater portion of such property was acquired with the aid and assistance of the defendant in conjunction with the plaintiff. She prayed that she be awarded a decree of divorce; that she have the care and custody of the minor children, and especially of the youngest child, a cripple eight years of age; and that she be awarded temporary and permanent alimony and attorneys' fees. The defendant thereafter obtained an order to show cause, directing the plaintiff to show cause why an order should not be entered enjoining the disposition or mortgaging of his property pending the action, restraining him from interfering with the defendant and the children until the further order of the court, and directing him to pay moving expenses, rental, temporary alimony, suit money and attorneys' fees during the pendency of the action and until the further order of the court.

In support of the order to show cause the defendant and cross-complainant filed an affidavit, which is corroborated in many particulars by the affidavits of the adult daughter of the parties and the eldest son, aged nineteen. The main affidavit charges the plaintiff with a number of specific acts of cruelty toward the defendant and alleges that he is the owner of seven quarter sections of land worth from $20 to $25 per acre, free and clear of all incumbrances, the home farm being improved with good barns, outbuildings, house, blacksmith shop, etc. It further alleges that he is the owner of a contract for sale of a section of land for approximately $15 an acre, upon which there is a balance due the plaintiff of approximately $7,000; that he is the owner of 118 head of cattle worth $5,000; 15 head of horses worth $1,000; farm machinery, etc., worth approximately $2,000, besides certain grain and other pur-

sonal property, making the plaintiff worth, in the aggregate, approximately $40,000. The defendant's affidavit further states that she had received from her father 480 acres of land which she had deeded to her children pursuant to an indication in her father's will; that this land had been continuously in the possession of the plaintiff since 1908; that he had never accounted for the rents and profits, but from 1908 to 1918 he had paid the defendant's father $247 per year, besides the taxes; that after the land was deeded to the defendant in 1918 the plaintiff paid the defendant nothing for the use of the land, but that he paid the taxes for every year except 1926. Affiant further charges that it would be impossible for her to remain in the home after the service of the answer. An additional affidavit charges that on the 30th of April, 1927, plaintiff ordered and directed the defendant to leave the house; that she did leave the house, taking with her the crippled son, aged eight years, and since that time that she and this child have been living in a rented room and boarding in Bismarck. Plaintiff filed a return to the order to show cause, denying the necessity for any restraining order or for the payment by the plaintiff to the defendant of any suit money, alimony or attorney's fees during the pendency of the action. The return is accompanied by an affidavit which somewhat minimizes the value of the property owned by the plaintiff and alleges that the defendant is indebted to the Farmers & Merchants Bank of New Salem, which indebtedness he has not funds to pay. The amount of the indebtedness is not stated. In the affidavit he denies the necessity of the defendant's leaving the home, and states that the three older minor children (sons aged nineteen, seventeen, and sixteen) remain in his custody.

The order appealed from recites that it appearing to the satisfaction of the court that at the time of the commencement of the action the defendant owned and had in her name sufficient real estate and other property out of which to raise funds for the payment of her support and suit money and attorneys' fees, the motion of the defendant for temporary alimony, suit money and attorneys' fees is denied.

The plaintiff instituted the action. He is in possession of all the property, both that which is the product of their joint efforts and that which the defendant obtained from her father. He has with him upon the farm three boys, all of whom, so far as the record indicates, are able

to work. The charges in the complaint and in the cross-complaint clearly indicate that the parties cannot with propriety be required to remain in the same home while the action is pending. The defendant is without funds. She did not seek a dissolution of the matrimonial bonds.

The law casts upon the husband the duty to support himself and his wife out of his property or by his labor. Comp. Laws 1913, § 4409. This obligation is not lessened by his voluntary election to institute a divorce action. Pending the action the court may in its discretion require either party to pay as alimony any money necessary for the support of the other party or the children of the marriage, or to prosecute or defend the action. Comp. Laws 1913, § 4402.

It appears quite clearly from the affidavits in the case at bar that the plaintiff is truly the head of the family in an economic sense, and we can see no just reason why the wife or the children, if her land has been conveyed to them, should be compelled to mortgage property derived from the defendant's father in order to maintain the defendant and her crippled son and to enable her to stand upon an equality with the plaintiff in presenting the merits of the divorce action. The order of this court is that within ten days the plaintiff shall pay to the defendant the sum of $100, temporary alimony, and that, in addition thereto, he shall pay to the defendant $50 per month, temporary alimony, to be paid on or before the 10th day of each month, beginning with July, until this action is terminated; that he pay $100 to the defendant within ten days as attorneys' fees and an additional sum of $50 suit money, the above order and any additional or supplemental orders to be enforceable in the District Court of Morton County through contempt proceedings or otherwise.

BURKE, BURR, NUESSLE, and CHRISTIANSON, JJ., concur.