STATE EX REL. LEDIN, Administratrix, and another, Petitioners, vs. DAVISON, Circuit Judge, Defendant.

*September 14—October 9, 1934.*

For the petitioners there was a brief by *Jacobson & Malone* of Waukesha, and oral argument by *Don B. Malone*.

For the "plaintiffs" Magnuson there was a brief by *Salen & Brenner* of Waukesha, and oral argument by *L. L. Brenner*.

For the "defendant" Milwaukee Electric Railway & Light Company there was a brief by *Shaw, Muskat & Paulsen* of Milwaukee and *Lockney & Lowry* of Waukesha, and oral argument by *Richard Hunter* of Waukesha.

NELSON, J. The questions to be determined in this action are: (1) Was due and proper service of the summons and

complaints upon the administratrix of the estate of John E. Ledin, deceased, obtained by serving them upon the secretary of state and mailing copies thereof to her at her last-known address, pursuant to the provisions of sec. 85.05 (3), Stats.?

(2) Was due and proper service of the orders to show cause and proposed cross-complaints of The Milwaukee Company upon the administratrix of the estate of John E. Ledin, deceased, and upon the Exchange, obtained by serving them upon the secretary of state and mailing copies thereof to the administratrix and the Exchange at their last-known addresses, pursuant to the provisions of sec. 85.05 (3), Stats.?

Sec. 85.05 (3), so far as material, provides:

"The use and operation by a nonresident of a motor vehicle over the highways of Wisconsin shall be deemed an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, growing out of such use or operation resulting in damage or loss to person or property, and said use or operation shall be a signification of his agreement that any such process against him which is so served shall be of the same legal force and validity as if served on him personally. Service of such process shall be made by serving a copy upon the secretary of state or by filing such copy in his office, together with a fee of two dollars, and such service shall be sufficient service upon the said nonresident; provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant, at his last known address."

It is established that the tribunals of one state have no jurisdiction over the persons of other states unless found within their territorial limits, that they cannot extend their process into other states, and that any attempt of that kind would be treated in every other forum as an act of usurpation without any binding efficacy, *Galpin v. Page,* 18 Wall. (85 U. S.) 350, 21 L. Ed. 959; that process from the tribu-

nals of one state cannot run into another state and summon parties there domiciled to leave its territory and respond to proceedings against them, and that where the entire object of an action is to determine the personal rights and obligations of a defendant, constructive service upon a non-resident is ineffectual for any purpose, *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 656; that a party resident beyond the confines of the state is not required to come within its borders and submit his personal controversy to its tribunals upon receiving notice of the suit at the place of his residence, and any such attempt so to extend authority and control of a state beyond its own territory is futile, *Baker v. Baker, Eccles & Co.* 242 U. S. 394, 37 Sup. Ct. 152, 61 L. Ed. 386; and that an ordinary personal judgment for money, invalid for want of service amounting to due process of law, is as ineffective in the state as it is outside of it, *McDonald v. Mabee*, 243 U. S. 90, 37 Sup. Ct. 343, 61 L. Ed. 608. See also *Flexner v. Farson*, 248 U. S. 289, 39 Sup. Ct. 97, 63 L. Ed. 250; *Moyer v. Koontz*, 103 Wis. 22, 79 N. W. 50.

However, service of process upon a non-resident is effective when he has either expressly or by implication of law appointed a resident agent or lawful attorney upon whom legal process may be served and when service is made upon the agent or attorney. *State ex rel. Cronkhite v. Belden*, 193 Wis. 145, 211 N. W. 916, 214 N. W. 460; *Hess v. Pawloski*, 274 U. S. 352, 47 Sup. Ct. 632; *Wuchter v. Pizzutti*, 276 U. S. 13, 48 Sup. Ct. 259. The decisions of the United States supreme court just cited deal with laws similar to sec. 85.05 (3).

The principal contention made in support of the asserted validity of the services herein is that notwithstanding the fact that sec. 85.05 (3) makes no mention of the executor, administrator, or personal representative of a deceased non-resident, and does not provide for service upon him, that sec-

tion should be construed to include and apply to the executor, administrator, or personal representative of such deceased non-resident.

We are enjoined by statute to construe words and phrases used in the statutes according to the common and approved usage of the language used, unless such construction would be inconsistent with the manifest intent of the legislature. Sec. 370.01 (1). Construing the language of sec. 85.05 (3), according to its common or approved usage, we find nothing in it to suggest that the legislature intended to provide for service of process upon an executor, administrator, or personal representative of a deceased non-resident who, in his lifetime, had used or operated a motor vehicle on the highways of this state, but who died prior to being served, by serving process upon the secretary of state. Had the legislature so intended it would have been a simple matter to make manifest such intention by adding to the following language found in the statute the language italicized:

"Shall be deemed an" *irrevocable* "appointment" *binding upon his executor, administrator, or personal representative.*

"Action or proceeding against him," *or his executor, administrator, or personal representative.*

"That any such process against him," *or his executor, administrator, or personal representative.*

"Shall be of the same legal force and validity as if served on him personally," *or upon his executor, administrator, or personal representative.*

"And such service shall be sufficient service upon the said non-resident," *or upon his executor, administrator, or personal representative.*

"Provided that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant," *or to his executor, administrator, or personal representative* "at his last-known address."

Whether a law which contained some or all of the italicized language, clearly revealing that the legislature intended that the executor, administrator, or personal representative of a deceased non-resident should be irrevocably bound by his decedent's appointment of the secretary of state as his lawful attorney, upon whom might be served process in an action to recover damages growing out of the use of our highways by a non-resident, would be a valid enactment, subject to no constitutional objection, we do not decide. Suffice it now to say that we find nothing in sec. 85.05 (3) authorizing service of process upon the executor, administrator, or personal representative of a non-resident who, if living, might have been served with process under that section.

What has been said in relation to the attempted service of the summons and complaints upon the administratrix applies with equal, if not greater, force to the attempted service of the orders to show cause and cross-complaints upon the Exchange. It appears from the allegations of the petition which, on demurrer must be taken as true, that the Exchange is a reciprocal insurance association; that it is not licensed to do business in this state; that it has never done business in this state; that it has never, expressly or by implication of law, appointed the secretary of state or any one else as its attorney upon whom service of legal process might be made; and that the policy issued to Ledin was an Illinois contract entered into in that state. The attempted services upon the Exchange were, in our opinion, void and of no force or effect. *Galpin v. Page, supra; Pennoyer v. Neff, supra; Baker v. Baker, Eccles & Co., supra; McDonald v. Mabee, supra; Flexner v. Farson, supra; Moyer v. Koontz, supra.*

*By the Court.*—Let the writ of prohibition issue as prayed. No costs allowed.