FRANK G. TUSA, Respondent, v. HELEN E. TUSA, Appellant.— Action for absolute divorce. Order denying defendant's motion for a new trial on the ground of newly-discovered evidence unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

CARLO VECCHIONE, ROSE VECCHIONE and JOHN VECCHIONE, Infant, and LOUIS VECCHIONE, Infant, by Their Guardian ad Litem, ROSE FLERES, Respondents, v. HENRY G. PALMER, as Executor, etc., of HARRY LAMPMAN, Deceased, Appellant, and PELLEGRINO VECCHIONE, Defendant.— Action by the plaintiffs against defendant Palmer, as executor of the last will and testament of Harry Lampman, deceased, in his lifetime a resident of Massachusetts, and against defendant Pellegrino Vecchione, to recover damages for personal injuries sustained through the alleged negligence of Lampman and Vecchione in operating an automobile upon a public highway in the State of New York. Order denying defendant Palmer's motion to vacate, as to him, the service of the summons and complaint herein, purportedly made pursuant to section 52 of the Vehicle and Traffic Law, and extending his time to answer, reversed on the law, with ten dollars costs and disbursements, and motion to vacate such service granted, with ten dollars costs. We are of opinion that section 52 of the Vehicle and Traffic Law, which is in derogation of the common law, should be strictly construed. (O' Tier v. Sell, 252 N. Y. 400; Wallace v. Smith, 238 App. Div. 599.) This is the rule as to similar statutes in sister States. (State ex rel. Ledin v. Davison, 216 Wis. 216; 256 N. W. 718; Lepre v. Real Estate-Land, etc., Co., 11 N. J. Misc. 887; 168 A. 858; Young v. Potter Title & Trust Co., 114 N. J. Law, 561; 178 A. 177; affd. by the Court of Errors and Appeals in 115 N. J. Law, 518; 181 A. 44; Boyd v. Lemmerman, 11 N. J. Misc. 701; 168 A. 47; Dowling v. Winters, 208 N. C. 521; 181 S. E. 751.) If we thus construe section 52, the service of process attempted herein is not contemplated in that section, which neither in its express terms nor in its implications permits service of process upon such an executor of a deceased non-resident owner or operator. Chapter 795 of the Laws of 1935, which adds section 118 to the Decedent Estate Law, is not efficient legally to enlarge the scope of section 52 of the Vehicle and Traffic Law so as to permit the questioned service of process. Indeed, even if section 52 were to be amended in terms to permit such service upon a foreign executor, it would be futile in that aspect, for it would assume to subject such an executor to a suit in personam in our courts. (Hopper v. Hopper, 125 N. Y. 400, 402; Helme v. Buckelew, 229 id. 363; Rogers v. Gould, 210 App. Div. 15; affd., 240 N. Y. 564.) Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.