EMMA S. DOWNING, APPELLANT, V. W. J. SCHWENCK ET AL., APPELLEES.

293 N. W. 278

FILED JULY 5, 1940. No. 30852.

*Fred H. Free* and *Crary & Crary*, for appellant.

*Mapes & Mapes* and *Burkett & Robinson*, contra.

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

JOHNSEN, J.

This is an action for personal injuries sustained by plaintiff, while riding as a guest in an automobile owned and operated by Peter Metzger. Metzger, who was a resident of Ohio, is alleged to have been guilty of gross negligence in driving onto a narrow bridge in Cedar county, Nebraska, and colliding with a truck. He, as well as his wife, were killed in the collision, and this action was attempted to be brought in Cedar county, Nebraska, against his executors, who were residents of Ohio and had been appointed by the courts of that state, by service of process upon the secretary of state, under the nonresident motorists statute, section 20-530, Comp. St. 1929. The executors filed a special appearance on the ground that the statute authorized service of process upon the secretary of state only as against the owner or operator, and not as against his personal representatives. The trial court sustained the special appearance, and, upon plaintiff's election to stand upon the service made, her action was dismissed. She has appealed.

Section 20-530 provides: "The use and operation by a nonresident of the state of Nebraska or his agent of a motor vehicle over or upon any street or highway within the state of Nebraska, shall be deemed an appointment by such nonresident of the secretary of state of the state of Nebraska as his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, growing out of such use or operation of a motor vehicle over or upon the streets or highway within this state, resulting in damages or loss to person or property, and said use or operation shall be a signification of his agreement that any such process which is so served in any action against him shall be of the same legal force and validity as if served upon him personally within this state. Service of such process shall be made by serving a copy thereof upon the secretary of state or by filing such copy in his office, together with payment of a fee of two dollars ($2.00), and such service shall be sufficient service upon the said nonresident; Provided, that notice of such service and

a copy of the process shall within ten (10) days after the date of service be sent by the plaintiff to the defendant by registered mail at defendant's last known address and it shall be the duty of the plaintiff to file with the clerk of the court in which the action is brought an affidavit that he has complied with such requirement."

Plaintiff argues that, since it was the purpose of section 20-530 to subject a nonresident motorist to the jurisdiction of the courts of this state, in the same measure as a resident, the statute should, by liberal construction, be held to have application also to the personal representative of a deceased nonresident motorist, in view of the fact that the personal representative of a resident is subject to suit and service of process for the torts of his decedent. The question has been passed upon a number of times, under substantially similar statutes, in other jurisdictions. Some of these cases are *State v. Davison,* 216 Wis. 216, 256 N. W. 718, 96 A. L. R. 589; *Dowling v. Winters,* 208 N. Car. 521, 181 S. E. 751; *Donnelly v. Carpenter,* 55 Ohio App. 463, 9 N. E. (2d) 888; *Young v. Potter Title & Trust Co.,* 114 N. J. Law, 561, 178 Atl. 177; *Lepre v. Real Estate-Land Title Trust Co.,* 11 N. J. Misc. 887, 168 Atl. 858; *Riggs v. Schneider's Exr.,* 279 Ky. 361, 130 S. W. (2d) 816; *Minehart v. Shaffer,* 86 Pitts. L. J. (Pa.) 317; *Vecchione v. Palmer,* 249 App. Div. 661, 291 N. Y. Supp. 537. All of these decisions have refused to recognize the application of such a statute, without the use of more specific terms, to the personal representative of a deceased nonresident motorist. We can find no cases that sustain plaintiff's contention, and none has been cited to us.

It is unnecessary to discuss the various reasons stated in the cases cited for the conclusion reached. We rest our decision upon the ground that the language used cannot, as a matter of sound statutory construction, be held to have application to any person except the owner or operator himself. A nonresident motorist, by using the streets or highways of this state, simply appoints the secretary of state as his attorney or agent for the service of process upon him.

Such a simple appointment, without the use of other controlling language, would, by well-established legal principles, ordinarily terminate on his death. It may be that it would have been wise to have made provision against this contingency, but this does not justify us in adding language to the statute. It is neither useless nor unworkable merely because personal representatives are not subjected to its provisions. In this situation, it is entirely possible that the legislature may have had some reason for not attempting to subject a foreign personal representative to the burden of defending a lawsuit in this state. But whether the omission was deliberate or inadvertent, or whether the legislature simply failed to foresee or to contemplate the situation, "it is not for the court to say, where the language of the statute is clear, that it shall be so construed as to embrace cases, because no good reason can be assigned why they were excluded from its provisions." *Denn v. Reid,* 10 Pet. (U. S.) *524, 9 L. Ed. 519.

Plaintiff argues that we should give consideration to section 20-2219, which provides: "The rule of the common law, that statutes in derogation thereof are to be strictly construed, has no application to this Code. Its provisions and all proceedings under it shall be liberally construed, with a view to promote its object and assist the parties in obtaining justice." This statute may warm the current of a legislative stream, but it cannot bridge its banks. Liberal construction cannot, for the purpose of embracing other persons than those to whom a statute is expressly made applicable, supply that which the legislature has either deliberately, or inadvertently, or through lack of foresight, omitted. *Chicago, B. & Q. R. Co. v. Amack,* 112 Neb. 437, 199 N. W. 724.

The judgment of the trial court must accordingly be affirmed. We are not here concerned with the language necessary to be used to include a personal representative within the operation of the statute, nor with the valadity of such an attempt.

AFFIRMED.