Williams, J.
 

 In
 
 Snavely
 
 v.
 
 Wilkinson, Exr.,
 
 138 Ohio St., 125, 33 N. E. (2d), 999, this court, in construing Section 6308, General Code, held that an action for damage for injury caused by negligence in the operation of a motor vehicle by its owner or operator, thereafter deceased, may be brought against the personal representative of such operator in the county in which such injury occurred and summons may be issued to and served in any county of the state as therein provided. In that case the section construed was a venue statute and related solely to personal service of summons within the state.
 

 
 *381
 
 The instant ease involves the question of the legality of substituted service upon the Secretary of State in an action against a nonresident administrator of a deceased nonresident operator of a motor vehicle. It is urged by plaintiff that this kind of service is provided for in Sections 6308-1 and 6308-2, G-eneral Code, which read thus:
 

 Section 6308-1. “Any non-resident of this state,, being the operator or owner of any motor vehicle, who shall accept the privilege extended by the laws of this state to nonresident operators and owners, of operating*, a motor vehicle, or of having the same operated, within the state of Ohio, or any resident of this state, being the licensed operator or owner of any motor vehicle under the laws of this state, who shall subsequently become a nonresident or shall conceal his whereabouts, shall, by such acceptance or licensure, as the case may be, and by the operation of such motor vehicle within the state of Ohio, make and constitute the Secretary of State of the state of Ohio
 
 Ms, her, or their agent for the service of process in any civil suit or proceeding instituted in the courts of the state of Ohio against such operator or owner of such motor vehicle, arising out of, or by reason of, any accident or collision
 
 occurring within the state in which such motor vehicle is involved.” (Italics ours.)
 

 Section 6308-2. “Such process shall be served, by the officer to whom the same shall be directed or by the sheriff of Franklin county, who may be deputized for such purposes by the officer to whom the service is directed, upon the Secretary of State of the state of Ohio, by leaving at the office of said secretary, at least fifteen (15) days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like-true and attested copy thereof, with an endorsement thereon of the service upon said Secretary of State,
 
 *382
 
 addressed to such defendant at his last known address. The registered'mail return receipt of such defendant shall be attached to and made a part of the return of service of such process.”
 

 This court is in accord with the contention that these two sections, though in some measure pertaining to venue, in the main relate to jurisdiction. Their provisions afford a method of obtaining substituted service on an owner or operator of a motor vehicle who is, at the commencement of the action, a nonresident of the state. The personal representative of the nonresident owner or operator is not mentioned in the statute; but valid service on the defendant-administrator herein is essential to a right to maintain the action. If jurisdiction of the person of the personal representative was not secured by the alleged substituted service, then the motion to qiiash was properly sustained by the trial court.
 

 Statutes relating Ho substituted service have been enacted in many of the states and their validity has been sustained upon the ground that a nonresident owner or operator of an automobile who comes into the state submits himself to its laws and by his action in doing so makes the Secretary of State or other state official his agent for the purpose of receiving personal service of summons.
 
 Jones
 
 v.
 
 Pebler,
 
 371 Ill., 309, 20 N. E. (2d), 592, 125 A. L. R., 451 and annotation;
 
 Southeastern Greyhound Lines
 
 v.
 
 Myers,
 
 288 Ky., 337, 156 S. W. (2d), 161, 138 A. L. R., 1461 and annotation-. The constitutional requirement of due process is assured through an accompanying statutory provision making it probable that notice of the service will be communicated to the nonresident defendant by registered mail or otherwise.
 
 Hess
 
 v.
 
 Pawloski,
 
 274 U. S., 352, 71 L. Ed., 1091, 47 S. Ct., 632;
 
 Wuchter
 
 v.
 
 Pizzutti,
 
 276 U. S., 13, 72 L. Ed., 446, 48 S. Ct., 259 57 A. L. R., 1230;
 
 State, ex rel. Cochran,
 
 v.
 
 Lewis, Judgey, 118
 
 Fla., 536, 159 So., 792, 99 A. L. R., 123.
 

 
 *383
 
 But, where the nonresident owner or operator thereafter dies and an administrator or executor is appointed who is likewise a nonresident, may substituted service be obtained on the personal representative?
 

 It is an accepted principle of law that where an agency is not coupled with an interest, the death of the principal revokes the agency and thereby terminates-, the agent’s authority. An agency is coupled with an interest when the agent has an interest in the subject matter of the agency. From the agency between the owner or operator of the vehicle and the Secretary of State, no interest arises. That state official has no duty or obligation other than to receive service which, insofar as he is concerned, is made by leaving a true and attested copy of the summons at his office. The agency is not coupled with an interest and ceases with the death of the owner or operator.
 
 Young, Admr.,
 
 v.
 
 Potter Title & Trust Co., Exr.,
 
 114 N. J. Law, 561, 178 A., 177;
 
 Dowling
 
 v.
 
 Winter, Exr.,
 
 208 N. C., 521, 181 S. E., 751 ;
 
 Riggs
 
 v.
 
 Schneider’s Exr.,
 
 279 Ky., 361, 130 S. W. (2d), 816;
 
 Brogan, Admr.,
 
 v.
 
 Macklin, Admr.,
 
 126 Conn., 92, 9 A. (2d), 499;
 
 Downing
 
 v.
 
 Schwenck,
 
 138 Neb., 395, 293 N. W., 278;
 
 State, ex rel. Ledin, Admx.,
 
 v.
 
 Davison, Judge,
 
 216 Wis., 216, 256 N. W., 718, 96 A. L. R., 589.
 

 Since the statutes make no provision for substituted service upon the administrator, and the agency of the Secretary of State was terminated by death of the administrator ’s decedent, this court ■ concludes that the trial court did not err,in sustaining the motion of the defendant and quashing .service and that the Court of Appeals' did not err in affirming the judgment of the trial court. The judgment of the Court of Appeals-is therefore affirmed.
 

 Judgment affirmed..
 

 Weygandt, C. J.,.Matthias, Hart, Zimmerman, Beld and Turnee, JJ., concur.