**WARNER et al. v. MADDOX et al.**
**CASEY v. SAME (two cases).**
**Nos. 174, 176, 177.**

District Court, W. D. Virginia,
at Lynchburg.

Oct. 7, 1946.

28

See also 68 F.Supp. 25.

Douglas A. Robertson (of Williams Robertson & Sackett), of Lynchburg, Va., John A. Danaher, and A. K. Shipe, both of Washington, D. C., for Emma Gladys Warner and Marion Anita LaMay.

Stephen J. Rudd, of Brooklyn, N. Y., for Edward F. Casey and Dorothy M. Casey.

M. F. Trader and W. H. Jordan, both of Lynchburg, Va., for Irving J. LaMay, Administrator.

E. Marshall Frost (of Caskie, Frost & Watts), of Lynchburg, Va., for Henry Dorison Maddox and M. M. Maddox.

BARKSDALE, District Judge.

When a nonresident of Virginia is involved in an accident while operating a motor vehicle on a highway in this state, a Virginia statute, Virginia Code, § 2154(70) (i), provides for substituted service of process upon such nonresident in any action which may be brought against such nonresident for damages growing out of such accident. The pertinent provisions of this statute are as follows: "(i) The acceptance by a non-resident of the rights and privileges conferred by this section as evidenced by his operating, either in person or by an agent, or employee, a motor vehicle, trailer or semi-trailer hereunder, or the operation by a non-resident, either in person or by an agent, or employee of a motor vehicle, trailer or semi-trailer on a highway in this State otherwise than under this section, shall be deemed equivalent to an appointment by such non-resident of the director or his successors in office, to be his true and lawful attorney upon whom may be served all lawful process against and notice to such non-resident in any action or proceeding against him growing out of any accident or collision in which such non-resident or his agent or employee may be involved while operating a motor vehicle, trailer or semi-trailer on such highway, and said acceptance or operation shall be a signification of his agreement that an ysuch process against or notice to him which is so served shall be of the same legal force and validity as if served upon him personally. Service of such process or notice shall be made by leaving a copy of the process or notice, together with a fee of three dollars, plus one dollar additional for each defendant over one to be thus served, in the hands of the director, or in his office in the city of Richmond, Virginia, and such service shall be sufficient upon the said non-resident, provided that notice of such service and a copy of the process or notice are forthwith sent by registered mail, with registered delivery receipt requested, by the director to the defendant, or defendants, and an affidavit of compliance herewith by the director, or some one designated by him for that purpose and having knowledge of such compliance,

shall be filed with the declaration or notice of motion. * * *"

The constitutionality of this statute has been upheld by the Supreme Court of Appeals of Virginia. Carroll v. Hutchinson, 172 Va. 43, 200 S.E. 644.

 The instant cases grow out of a collision which occurred in this District between an automobile operated by a citizen of this District of Virginia, and an automobile operated by a citizen of Connecticut, and as a result of the collision it is alleged that the Connecticut operator was instantly killed and the four passengers in his automobile sustained personal injuries. A personal representative of the deceased Connecticut operator has qualified in Connecticut, but not in Virginia. The instant cases are actions in which the Connecticut passengers have undertaken to sue in this court both the Virginia operator and the Connecticut personal representative of the deceased Connecticut operator, serving process upon the latter under the provisions of the above quoted statute. The question now before me is upon the motion of the Connecticut personal representative to quash such service upon him upon the ground that the statute does not provide for such service upon a personal representative. By the language of the statute, the substituted service is grounded upon the basis of agency, that is, the statute provides that the acceptance by the non-resident of the privilege of the use of the Virginia highways constitutes the Director of Motor Vehicles, his attorney or agent for the service of process. Ordinarily death terminates the relationship of agency, and here the decedent was dead long before the service of process. Also this statute is in derogation of common law, and must be strictly construed. Commonwealth of Kentucky for Use and Benefit of Kern v. Maryland Casualty Co., 6 Cir., 112 F.2d 352, 9 Blashfield's Automobile Law and Practice, Perm.Ed., Part 1, § 5914, p. 442.

 Inasmuch as the statute contains no express provision for service upon a personal representative, and as the statute must be strictly construed and not extended by implication, it is my conclusion that the motion of the personal representative here to quash the service must be granted and the complaint dismissed as to him.

So far as I know, this question has never been presented to the Supreme Court of Appeals of Virginia. However, there are decisions from other jurisdictions sustaining the position which I take, and none to the contrary have been cited to me nor do I find any. State ex rel. Ledin v. Davison, 216 Wis. 216, 256 N.W. 718, 96 A.L.R. 589; Dowling v. Winters, 208 N.C. 521, 181 S.E. 751; Lepre v. Real Estate-Land Title Trust Co., 168 A. 858, 11 N.J.Misc. 887.

Having granted the personal representative's motion to quash and dismiss the complaints as to him, I am confronted with another question: In addition to the three actions presently pending in this court instituted by the Connecticut passengers against the Virginia operator and the personal representative of the Connecticut operator, there is also an action instituted by the Connecticut personal representative against the Virginia operator for death by wrongful act. As all four of these actions involved common questions of law and fact, at a pretrial conference I consolidated all four actions, so the Connecticut personal representative is a party litigant in this consolidated case.

Upon the basis of this, the injured passengers, by counsel, move that they be now permitted to proceed against the Connecticut personal representative by service of their complaints upon the attorney for the Connecticut personal representative. They urge that this is the most convenient forum for the adjudication of their rights, as the collision occurred in this District and all the witnesses are within this jurisdiction. They also urge that, under Federal Rules of Civil Procedure, rule 4(d) (1), 28 U.S.C.A. following section 723c, service upon the Connecticut personal representative is authorized. It seems to me that rule 5(b) would be more applicable.

 However, it seems useless to discuss either convenience or methods of service of process in this case, because I see no escape from the conclusion that, as between the Connecticut passengers and the

30

Connecticut personal representative, this court has no jurisdiction. There is no semblance of a federal question here: the jurisdiction of this court depends entirely upon diversity of citizenship. This is a court of limited jurisdiction, and it is essential that its jurisdiction must clearly appear in order that a case may be prosecuted herein.

Inasmuch as it appears here that there is no diversity of citizenship between these Connecticut injured passengers and the Connecticut personal representative defendant, the motion of the plaintiffs that they be allowed to proceed by service upon the personal representative's attorney, must be overruled, and an order will be entered accordingly. See Dobie on Federal Procedure 209.