**WITTMAN v. HANSON (two cases).**

**Civ. Nos. 2088, 2089.**

United States District Court
D. Minnesota, Third Division.
Oct. 30, 1951.

Carroll & Thorson, by Jerome T. Anderson, Minneapolis, Minn., appeared as attorneys for defendant in support of said motions.

John Edmund Burke, St. Paul, Minn., appeared as attorney for plaintiffs in opposition thereto.

DONOVAN, District Judge.

Plaintiffs in these actions are Rudy Wittman and his wife, Margie Wittman, both residents of the State of Minnesota. Defendant administrator Marvin Hanson is a resident of the State of Wisconsin, as was Bertha Hanson, deceased.

It appears from the file that on June 5, 1951, two automobiles, one owned and occupied by Bertha Hanson and operated by her son, Edward Hanson, and the other owned and operated by Rudy Wittman, with his wife Margie Wittman as a passenger, collided on U. S. Highway 61, south of the town of Forest Lake, Minnesota. Bertha Hanson and her son Edward died subsequent to the accident and as a result thereof. Marvin Hanson, another son of Bertha Hanson, was duly appointed administrator by the county court of Barron County, in the State of Wisconsin.

Thereafter plaintiffs instituted separate actions for damages, charging that the Hanson car was negligently driven. On August 9, 1951, the plaintiffs attempted service of process upon the defendant by the United States Marshal, in accordance with the provisions of the Minnesota nonresident owner statute.[1] The defendant administrator has not been personally served, unless the service under the above statute was effective as personal service. Defendant does not here question the validity of the statute.[2] The only issue before the Court is whether service of process in conformity with the Minnesota statute gives this Court jurisdiction over the person of the defendant in his capacity as administrator of the estate of Bertha Hanson.

The process of a tribunal of one state cannot extend to another and summon a party there domiciled to respond to proceedings against him. Process sent outside the state to a nonresident is unavailing to give jurisdiction in an action against him personally for money recovery. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565.

The effectiveness of service of process by a federal marshal in the absence of a controlling statute of the United States is limited by the "manner prescribed by the law of the state in which the service is made for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state." [3]

Plaintiffs' counsel earnestly contend that the purpose of the nonresident statute

---

1. 12 M.S.A. § 170.55, as amended, Laws 1949, c. 582, § 1.

2. Minnesota and many other states have held these statutes providing for constructive service valid as a proper exercise of police power. Schilling v. Odlebak, 177 Minn. 90, 224 N.W. 694; Pawlowski v. Hess, 250 Mass. 22, 144 N.E. 760, 35 A.L.R. 945, affirmed in 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091.

3. 28 U.S.C.A., Fed.Rules Civ.Proc. rule 4(d) (7).

is to give the local citizen relief from the inconvenience of resorting to other jurisdictions to obtain relief for injuries resulting from the operation of automobiles by nonresidents. He further argues that because the Minnesota survival statute [4] was adopted after the original nonresident owner statute it should save the service under the nonresident statute. The court is concerned primarily with the meaning of the nonresident statute. No provision is made for substituted service on the administrator of the nonresident owner. The words are clear and free from all ambiguity, and so the court is bound by the provisions of 42 Minn.Stat.Ann. § 645.16.[5]

No reported cases have been cited by counsel, and none have been found by the court wherein the point herein made has arisen under the Minnesota statute. However, there have been several cases involving similar statutes in other jurisdictions. All of these cases found have been in accord in holding that by such service of process the court acquires no jurisdiction over the nonresident administrator.[6] Where the administrator has been specifically included in the provisions of the statute it would seem that a service of process in compliance with such a statute would be effective to give the court the necessary jurisdiction.[7]

It is the function of the court to interpret the statute as it is written by the law-making body. To do otherwise would be to legislate, which is a power reserved to the Legislature only. The nonresident owner statutes have been consistently interpreted since 1934 [8] as not impliedly including the administrator of the deceased nonresident owner. Since that time the Minnesota Legislature has had ample opportunity to expressly include the administrator, if such had been its wish or intent.

I am of the opinion that this court has acquired no jurisdiction of this matter. The motion to dismiss is granted.

---

4. 37 M.S.A. § 573.01 provides: "A cause of action * * * dies with the person against whom it exists, except a cause of action arising out of bodily injuries or death caused by the negligence of a decedent survives against his personal representatives."

5. This statute provides in part: "When the words of a law in their application to an existing situation are clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit."

6. Warner v. Maddox, D.C., 68 F.Supp. 27; State ex rel. Ledin v. Davidson, 216 Wis. 216, 256 N.W. 718, 96 A.L.R. 589; Dowling v. Winters, 208 N.C. 521, 181 S.E. 751.

7. Plopa v. DuPre, 327 Mich. 660, 42 N.W.2d 777; Leighton v. Roper, 300 N.Y. 434, 91 N.E.2d 876, 18 A.L.R.2d 537; contra, Knoop v. Anderson, D.C.Iowa, 71 F.Supp. 832.

8. State ex rel. Ledin v. Davidson, supra [footnote 6].