TARCZYNSKI, Appellant, vs. CHICAGO, MILWAUKEE, ST. PAUL & PACIFIC RAILROAD COMPANY and others, Defendants: SNARSKI, Respondent.

*February 5—March 4, 1952.*

For the appellant there were briefs by *Milton M. Blumen-thal* of Chicago, Illinois, attorney, and *Henry C. Friend* and *Harry S. Sicula* of Milwaukee of counsel, and oral argument by *Mr. Sicula* and *Mr. Friend*.

For the respondent there was a brief by *Kenney, Korf & Pfeil* of Elkhorn, and oral argument by *Francis J. Korf*.

FRITZ, C. J. The plaintiff, Victoria Tarczynski, commenced an action in the circuit court for Walworth county against John Czapiga, a resident of Illinois, and other defendants, to recover damages sustained by her for the wrongful death of her husband, which was caused by Czapiga's negligent operation of his automobile on a Wisconsin highway while her husband was a passenger in Czapiga's automobile. Service of the summons and complaint upon Czapiga, as a nonresident user of the Wisconsin highway, was made upon the Wisconsin commissioner of the motor vehicle department, pursuant to sec. 85.05 (3), Stats.; and in compliance therewith copies of the summons and the complaint were duly mailed by said commissioner and received by Czapiga on January 15, 1950. On his behalf, Thaddeus C. Toudor, an attorney in Chicago, on January 30, 1950, in a telephone conversation with the plaintiff's attorneys in Milwaukee, obtained an extension of two weeks for time to file an answer on behalf of Czapiga; that extension expired February 13, 1950; and Toudor never replied nor appeared in subsequent proceedings.

Czapiga died on February 5, 1950, and on February 8, 1950, Bruno Snarski, a resident of Cook county, Illinois, was appointed administrator of Czapiga's estate, by the probate court of that county. Thereupon plaintiff sought to revive the above-stated action against said administrator by filing with the clerk of the circuit court for Walworth county an original petition for the revival of said action in accordance with sec. 269.23, Stats.; and plaintiff served notice of the filing of said petition on the Wisconsin commissioner of the motor vehicle department pursuant to sec. 85.05 (3), Stats.; and by registered mail served upon said nonresident administrator a copy of said petition; and then served notice of said service and the filing thereof on the commissioner pursuant to sec. 85.05 (3), Stats. The administrator, Bruno Snarski, then appeared specially in

the Walworth county circuit court and moved that the service of the petition for revival of said action and the notice in connection therewith be set aside and vacated upon the grounds that he was not a resident of Wisconsin and was not an administrator appointed by a Wisconsin court; that he was an administrator appointed by the probate court of Cook county, Illinois; that at the time of Czapiga's death he was not a resident of Wisconsin and did not then and does not now own any property in said state and said administrator does not have in his possession or control any property belonging to Czapiga which is in said state; that the Wisconsin court can have no jurisdiction over a foreign administrator appointed by an Illinois court; and that the entry or enforcement of a judgment of the Wisconsin circuit court in the action against said administrator would deprive him of property rights contrary to the Fourteenth amendment to the United States constitution. After a hearing pursuant to Bruno Snarski's petition the court ordered that "the pretended service of the petition for revival . . . and the notice and order in connection therewith be set aside and vacated." Plaintiff appealed from the order.

In the case at bar there are applicable the provisions in sec. 85.05 (3), Stats. 1949, which, as amended subsequent to the decision in *State ex rel. Ledin v. Davison*, 216 Wis. 216, 256 N. W. 718, provide:

*"The use and operation by a nonresident of a motor vehicle over the highways of Wisconsin shall be deemed an irrevocable appointment binding upon his executor, administrator, or personal representative by such nonresident of the commissioner of the motor vehicle department to be his true and lawful attorney upon whom may be served all legal processes in any action or proceeding against him, or his executor, administrator, or personal representative, growing out of such use or operation resulting in damage or loss to person or property, and said use or operation shall be*

*a signification of his agreement that any such process against
him, or his executor, administrator, or personal representa-
tive, which is so served shall be of the same legal force and
validity as if served on him personally, or his executor,
administrator, or personal representative.* Service of such
*process* shall be made by serving a copy upon the commis-
sioner of the motor vehicle department or by filing such
copy in his office, together with a fee of two dollars, and
such service shall be sufficient service upon the said non-
resident, or his executor, administrator, or personal repre-
sentative; provided, that notice of such service and a copy
of the *process* are within ten days thereafter sent by mail
by the plaintiff to the defendant, or his executor, adminis-
trator, or personal representative, at his last-known address,
and that the plaintiff's affidavit of compliance herewith is
appended to the summons. . . ."

The words "process" or "processes" as used in sec.
85.05 (3), Stats., were obviously intended to mean the
means of subjecting a party to the jurisdiction of a court.
As stated in respect to the word "process," ". . . it is
frequently used to designate *a means,* by writ or otherwise,
*of acquiring jurisdiction of defendant or his property, or of
bringing defendant into, or compelling him to appear in,
court to answer."* 50 C. J., Process, p. 442, sec. 1. The
language of sec. 85.05 (3), Stats., discloses that the word
*"process"* as used therein was not limited to the meaning
of process as a writ issued by the court under its seal, for
it provides that a plaintiff's affidavit of compliance with
the requirements of service be appended to the summons.
In *Sorenson v. Stowers,* 251 Wis. 398, 401, 29 N. W. (2d)
512, the court stated:

"Sec. 85.05 (3), Stats., after providing for service on the
commissioner of the motor vehicle department, provides that
notice of such service and a copy of the *process* shall, within
ten days thereafter, be sent by mail by the plaintiff to the
defendant, at his last-known address." The broader mean-

ing of the word "process" includes not only a summons, but also whatever steps may be required by statute to institute a special proceeding. Thus, for example, a proceeding to compel the secretary of a corporation to issue a stock certificate can be commenced by affidavit and order to show cause, which are not issued under a seal of the court. Sec. 183.24, Stats. Nonetheless, the secretary having once been served is as much subject to the jurisdiction of the court as a party who has been served with a summons. *Schwab v. Smith,* 143 Wis. 427, 128 N. W. 78. Likewise, sec. 269.23, Stats., which provides for proceedings to revive an action, calls for a petition and notice with twenty days to answer. And a circuit court summons, although part of the process system, is but a notice of a proposed action and differs in nature and effect from a writ procured from a court. As stated in *Westport v. Madison,* 247 Wis. 326, 328, 19 N. W. (2d) 309: "Our summons, while part of the process system, is but a notice of a proposed action and differs in nature and effect from a writ procured from a court."

Manifestly by said provisions in sec. 85.05 (3), Stats., it was the intention and purpose that by a nonresident's use and operation of a motor vehicle on Wisconsin highways, there was created an irrevocable appointment of the commissioner of the motor vehicle department, which is binding on the nonresident or his executor, administrator, or personal representative; and that such service of the summons and complaint on said commissioner shall be then sufficient, "provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant, or his executor, administrator, or personal representative, at his last-known address, and that the plaintiff's affidavit of compliance herewith is appended to the summons" as prescribed in sec. 85.05 (3), Stats.

In 1932, said statute provided for service of a summons on a nonresident causing personal injury while using the

state's highways by delivery of the summons to the Wisconsin secretary of state; and in *State ex rel. Rush v. Circuit Court,* 209 Wis. 246, 248, 244 N. W. 766, this court not only held the statute constitutional under the due-process-of-law section of the United States constitution, but also ruled that the act is applicable to an action by a nonresident plaintiff residing in the state of the nonresident defendant. The court stated: "Even assuming that the consent upon which the constitutionality of such laws is based is a fiction and that the real basis for sustaining them is the necessity of securing safety on the highways, the extension of the benefits of the act to nonresidents violates no constitutional prohibition."

In *State ex rel. Cronkhite v. Belden,* 193 Wis. 145, 211 N. W. 916, 214 N. W. 460, the court held in relation to a foreign motorist (syllabi):

"The state may . . . prescribe that service be made upon him in controversies arising out of the operation of his motor vehicle within the state by serving process upon the secretary of state. . . . Though constitutional rights may not be subordinated to administrative convenience, a nonresident coming within the state and using the special facilities provided by the state may be subjected to the jurisdiction of the state in respect to a violation of state laws, and may be compelled to respond in damages for wrongs done within the state in the operation of his automobile. . . . A law providing for jurisdiction over a nonresident motorist for acts done within the state must be reasonably calculated to give the defendant notice that the jurisdiction of a court of the licensing state has been invoked. . . . Sec. 85.15, Stats., providing for service of process on a nonresident by serving a copy on the secretary of state and mailing a copy of the pleadings to his last-known address, is calculated to give the defendant adequate notice of the pendency of the proceeding and full opportunity to be heard in his defense."

In relation to the conclusions thus stated there are conflicts in decisions in other jurisdictions. However, in states which

have statutes comparable to sec. 85.05 (3), Stats., their court decisions are to the following effect:

In *Leighton v. Roper*, 300 N. Y. 434, 442, 91 N. E. (2d) 876, 18 A. L. R. (2d) 537, a nonresident "service" statute provided for service on the nonresident, or his executor or administrator. The court distinguished between subjecting a foreign administrator "generally" to suits in the state of New York, and to subjecting him to a particular type of suit, such as the present case at bar. The court held that a law declaring "general" liability is invalid, but that a "special" liability law is not.

"A state may not exercise jurisdiction and authority over persons without its territory . . . but every state possesses exclusive jurisdiction and sovereignty over persons and property within its territory, and has unquestioned police power with respect to its highways. When decedent came upon the highways of this state with his automobile, he subjected himself to our jurisdiction, and consented, while here, irrevocably to bind his legal representative in an action arising out of any accident in this state in which his automobile was involved.

"The statute is narrowly drawn to fit the need, provides all the procedural safeguards required for due process of law, and is applicable only to a cause of action arising in this state. Whatever may be said about the use of such a procedure in other situations, or 'generally, without restriction or qualification' where it might be argued that it would constitute an unjustifiable impingement upon the sovereignty of other states, is therefore inapplicable here. . . .

"With the cause of action arising here; an irrevocable consent made expressly binding by statute on the decedent's legal representative for the benefit of third persons, whose interests are adverse to decedent, in consideration of the privilege, without requiring a license, of using our highways, which privilege the state might otherwise have denied him; with procedural safeguards required for due process, and limited to such a situation only; we conclude that the statute challenged is a valid exercise of police power, and is not in conflict with the requirements of due process."

The court held also that by virtue of the nonresident statute the administrator's intestate "has consented to the statutory agency or the receipt of process, and has made that consent binding upon this administrator" or executor.

In *Plopa v. DuPre,* 327 Mich. 660, 664, 667, 42 N. W. (2d) 777, there was involved a nonresident "service" statute which provided for service upon the nonresident, or his executor or administrator. The court stated:

"In passing the statute in question for the purpose of regulating the use of its highways, the state was acting in the reasonable exercise of its police power. . . .

". . . The reason for both is to be found in what would appear to be the meaning of the *Hess Case* [*Hess v. Pawloski,* 274 U. S. 352, 47 Sup. Ct. 632, 71 L. Ed. 1091], namely, that the rule laid down in the *Pennoyer* [*Pennoyer v. Neff,* 95 U. S. 714, 24 L. Ed. 565] and *Fletcher* [*Brown v. Fletcher's Estate,* 210 U. S. 82, 28 Sup. Ct. 702, 52 L. Ed. 966] *Cases* must and does yield to the reasonable exercise of the police power of a state in furtherance of public health, safety and welfare, regardless of whether such power operates upon persons or property in another state and irrespective of whether the action be *in personam* or *in rem.*

"No cogent reason appears for holding that the death of the nonresident motorist serves to so shackle the police power of the state as to prevent its accomplishment of that which it could attain in his lifetime. . . ."

In *Oviatt v. Garretson,* 205 Ark. 792, 798, 799, 171 S. W. (2d) 287, the statute likewise provided for service upon a nonresident driver or his executor or administrator. The court stated:

"The state, in passing such a statute, was acting under its police power, and such power is not limited to the rules of agency and contract . . . hence, an administrator or executor would not be relieved under the doctrine that the power of agency ends with death of the principal. The question goes to the power of the sovereign to pass such a law. We hold it has such power and has properly exercised it. . . .

"In *State ex rel. Ledin v. Davison*, 216 Wis. 216, 256 N. W. 718, 96 A. L. R. 589, the court set out the words which, if added to the Wisconsin act similar to our 1933 act, would have made service good on personal representatives (just as our 1941 act does). The Wisconsin court thereby clearly recognized that such a statute was within the legislative power. In fact, it would seem possible that the draftsmen of our Act 40 of 1941 had before them the Wisconsin decision in preparing the draft of our Act 40 of 1941. So, we hold that the service upon the executor of the estate of Mrs. Emma Tarnutzer was legal and valid."

The administrator of Czapiga's estate contends that as sec. 85.05 (3), Stats., does not expressly provide for the revival or continuance of an action commenced against a nonresident decedent during his lifetime, there can be no revival of the action. That contention cannot be sustained in this case. As under and in accordance with sec. 85.05 (3), Stats., proper service of the necessary legal process was duly made and obtained within the prescribed period of ten days upon John Czapiga, during his lifetime, there was thereby created an action "so pending" which was binding upon him and his estate, and brought into immediate operation all of the facts and consequences sought to be accomplished by the provision of said nonresident-user statute. The mere interruption by reason of Czapiga's death, after such service was duly made upon him, cannot be deemed to deprive the plaintiff of her right to the revival and continuance of said action against the administrator of Czapiga's estate. As plaintiff states in her brief, sec. 85.05 (3), Stats., does not require that the Wisconsin courts do more than adjudicate plaintiff's right growing out of her claim for wrongful death; and that when such adjudication has been made, plaintiff will file her claim in the Illinois court having jurisdiction over the probate of Czapiga's estate; and it will be for the Illinois court to determine the priority of claims of his various creditors, including the plaintiff, and

to administer his assets according to the provisions of the statutes of Illinois.

*By the Court.*—Order reversed, with directions to order, under sec. 269.23, Stats., the revival of plaintiff's action against said administrator of Czapiga's estate.