**HENDRIX v. JENKINS (two cases).**
**BROCK v. JENKINS.**
Civ. Nos. 273-275.

United States District Court,
M. D. Georgia, Athens Division.
April 1, 1954.

C. O. Baker, Athens, Ga., for plaintiff.

T. Reese Watkins, Harris, Russell, Weaver & Watkins, Macon, Ga., for defendant.

DAVIS, Chief Judge.

The plaintiffs filed these actions in the Superior Court of Madison County, Georgia, against the non-resident defendant, as administratrix of the estate of William Earl Pryor. The defendant is alleged to reside in Ruskin, Florida. Service was had on the defendant in accordance with the non-resident motorists act of Georgia. In these cases there was diversity of citizenship and the jurisdictional amount was involved. The defendant removed the actions to this Court and filed a motion to dismiss for lack of jurisdiction of the person of the defendant. The plaintiffs contend that the Court has jurisdiction by virtue of the Georgia non-resident motorists act which provides for substituted service. The

880

defendant, on the other hand, contends that this act does not apply to the personal representative of a user of the highways of this State.

 By removing the cases to this Court, the defendant does not waive her rights to object to the jurisdiction of the person. Morris & Company v. Skandinavia Insurance Company, 279 U.S. 405, 409, 49 S.Ct. 360, 73 L.Ed. 762. On the basis of the allegations of the plaintiffs, the removal by the defendant was proper.

 The non-resident motorist's act is in derogation of the Common Law and should be strictly construed and literally applied. Mull v. Taylor, 68 Ga.App. 663, 670, 23 S.E.2d 595.

 According to the plain wording of the statute, it provides for substituted service only in actions against the "user of [the] highways", and does not extend to actions against his personal representatives. § 68–801, Ga.Code Supp.

No decision of the Georgia courts dealing with this question has come to this Court's attention. This Court, in the absence of State court decisions to the contrary, will not broaden the terms of this unambiguous statute.

While this question has not been decided in Georgia, it has been decided in other states having similar statutes. Those states have held that death revokes the agency of the state official, so that substituted service cannot thus be made on the personal representative of the deceased non-resident. State, ex rel. Ledin v. Davison, 216 Wis. 216, 256 N.W. 718, 96 A.L.R. 589; Dowling v. Winters, 208 N.C. 521, 181 S.E. 751; Lepre v. Real Estate-Land Title Trust Co., 168 A. 858, 11 N.J.Misc. 887; Wittman v. Hanson, D.C.Minn., 100 F.Supp. 747. This Court is impressed with the reasoning of these decisions.

In the absence of an amendment providing for substituted service on a non-resident personal representative of a deceased non-resident motorist, such service is not valid to bring the personal representative within the jurisdiction of this Court. This Court, then, is without jurisdiction of the defendant and has no alternative but to dismiss these actions.

 The actions having been properly removed, lack of jurisdiction of the person is not sufficient cause for a remand. Nor can the cases be transferred to a court having jurisdiction, since this Court has never acquired jurisdiction of this defendant.

It is hereby, Ordered, Adjudged and Decreed that these actions be, and the same are hereby, dismissed.