Charles FAZIO, Individually, and for the Use and Benefit of His Minor Son David Ray Fazio

v.

AMERICAN AUTOMOBILE INSURANCE COMPANY, Mrs. Emma Y. Pierce, and Fred D. Lose, in His Capacity as Executor of the Estate of Mrs. Nellie M. Mosby.

Joe MOORE

v.

AMERICAN AUTOMOBILE INSURANCE COMPANY, Mrs. Emma Y. Pierce, and Fred D. Lose, in His Capacity as Executor of the Estate of Mrs. Nellie M. Mosby.

Civ. Nos. 5119, 5120.

United States District Court
W. D. Louisiana, Shreveport Division.

Dec. 15, 1955.

Wellborn Jack, Shreveport, La., for plaintiffs.

Jackson, Mayer & Kennedy, Shreveport, La., for defendants.

Harold K. Wood, Westchester, Pa., for Mrs. Emma Y. Pierce.

Blanchard, Goldstein, Walker & O'Quin, Shreveport, La., for Fred D. Lose.

DAWKINS, Jr., Chief Judge.

Presented for decision is the question of whether valid service was effected, and jurisdiction of the person obtained, in two related civil damage suits brought by Louisiana citizens against the foreign executor of the estate of a nonresident motorist who was involved in an automobile accident while using the highways of this State.

The accident occurred on September 6, 1954, on U. S. Highway 71 in Bossier Parish, Louisiana. At that time and place, Joe Moore, one of the plaintiffs, was driving a Chevrolet in a southerly direction on the highway. Riding with him as a passenger was David Ray Fazio, a minor who is represented here by his father.[1] A Cadillac proceeding in the opposite direction, owned and occupied by Nellie M. Mosby, a citizen and resident of Kansas, but being operated by Emma Y. Pierce, a citizen and resident of Pennsylvania, collided with the Chevrolet, causing injuries to Moore and young Fazio.

The complaints allege that the accident resulted solely and proximately from Mrs. Pierce's negligence, which they claim is legally attributable to Mrs. Mosby, as *respondeat superior*. Because of this, plaintiffs contend they are entitled to recover damages from Mrs. Pierce, Mrs. Mosby and their liability insurer.[2]

The insurer is qualified to do business in Louisiana, and was served properly through its designated agent, the Secretary of State. Mrs. Pierce also was served through that official, and was given the requisite notice by registered mail.

Neither of these defendants questions the validity of service, or jurisdiction, and both have answered, denying liability.

Mrs. Mosby was killed instantly in the accident. Substituted service upon her estate was attempted by serving the Secretary of State, and by mailing the registered notice to Fred D. Lose, a citizen and resident of Kansas, who has qualified there as executor of the estate. He has appeared specially in each suit and moved to dismiss for insufficiency of service of process, and for lack of jurisdiction over his person.

The motions thus require an interpretation of the Louisiana Non-Resident Motorist Statute, LSA–R.S. 13:3474, 13:-3475, reading as follows:

LSA–R.S. 13:3474—"Operation of motor vehicle by non-resident as appointment of Secretary of State as agent for service of process

"The acceptance by non-residents of the rights and privileges conferred by existing laws to operate motor vehicles on the public highways of the state of Louisiana, or the operation by a non-resident or his authorized employee of a motor vehicle on the said highways other than under said laws, shall be deemed equivalent to an appointment by such non-resident of the Secretary of the State of Louisiana or his successor in office or some other person in his office during his absence he may designate, to be his true and lawful attorney for service of process, upon whom may be served all lawful process in any action or proceeding against the non-resident growing out of any accident or collision in which the non-resident may be involved while operating a motor vehicle on such highways, or while same is operated by his authorized employee; and said acceptance or operation of said vehicle shall be a signification of his agreement that any such process against him

1. LSA–Civil Code, Article 221.

2. Under the Louisiana Direct Action Statute, LSA–R.S. 22:655.

which is so served shall be of the same legal force and validity as if served on him personally. As amended Acts 1954, No. 136, § 1."

LSA–R.S. 13:3475—"Service on Secretary of State; sending or delivering notice and copies; filing receipt or affidavit; continuances

"The service of the process authorized by R.S. 13:3474 shall be made by serving a copy of the petition and citation on the secretary of state, or his successor in office, and such service shall be sufficient service upon said non-resident; provided that notice of such service, together with a copy of the petition and citation are forthwith sent by registered mail by the plaintiff to the defendant, or are actually delivered to the defendant, and defendant's return receipt, in case notice is sent by registered mail, or affidavit of the party delivering the petition and citation in case notice is made by actual delivery, is filed in the proceedings before judgment can be entered against said non-resident. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action."

It will be noted at once that this statute makes no express provision for substituted service upon executors or administrators of foreign estates. The question is, accordingly: Does a fair interpretation of the statute reveal that the Legislature intended such representatives to be subject to it? We think not.

■ Statutes of this type—made necessary by the peripatetics of our population in the automobile age—have negatived to a large extent the fundamental teachings of Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. Nevertheless, being in derogation of common right, they must be strictly, not liberally, construed. Louisiana courts have said this with respect to the particular statute under examination. Spearman v. Stover, La.App., 170

So. 259; Day v. Bush, 18 La.App. 682, 139 So. 42.

As plainly appears, the statute is grounded upon the tacit appointment, by the nonresident motorist who uses Louisiana's highways, of the Secretary of State as his or her agent, or attorney in fact. Consequently, in analyzing its effect, we must look to Louisiana law on the subject of Agency, or Mandate, as it is called in the civil law. Like the common law, the Louisiana Civil Code provides that an agency relationship terminates with the death of either the agent or the principal, LSA–Civil Code, Article 3027: "The procuration expires * * * by the death * * * of the agent or principal."

■ In the absence of State court decisions to the contrary—and there are none—this Court will not stretch the unambiguous meaning of the nonresident motorist statute to a point obviously not contemplated by the Legislature and not covered by its enactment. It follows necessarily that the tacit appointment by Mrs. Mosby, in using the Louisiana highways, of the Secretary of State as her agent for service of process, was cancelled by her death. Therefore, the service attempted here was for naught and must be so declared. Moreover, since the executor has not been served personally in Louisiana, this Court has no jurisdiction over his person.

Our holding is consistent with every decision, State and Federal, rendered in other jurisdictions on the point before us. See 155 A.L.R. 345; Hendrix v. Jenkins, D.C.Ga., 120 F.Supp. 879; Wittman v. Hanson, D.C.Minn., 100 F.Supp. 747; Warner v. Maddox, D.C.Va., 68 F.Supp. 27; Commonwealth of Kentucky, etc. v. Maryland Casualty Co., 6 Cir., 112 F.2d 352; Harris v. Owens, 142 Ohio St. 379, 52 N.E.2d 522; In re Roches' Estate, 16 N.J. 579, 109 A.2d 655; In re Roger's Estate, 164 Kan. 492, 190 P.2d 857; Brogan v. Macklin, 126 Conn. 92, 9 A.2d 499; Downing v. Schwenck, 138 Neb. 395, 293 N.W. 278; Balter v. Webner, 175 Misc. 184, 23 N.Y.S.2d 918; Dowl-

ing v. Winters, 208 N.C. 521, 181 S.E. 751; Minehart v. Shafer, 86 P.L.J., Pa., 317; State ex rel. Ledin v. Davison, 216 Wis. 216, 256 N.W. 718, 96 A.L.R. 589; Hunt v. Tague, 205 Md. 369, 109 A.2d 80.

Blashfield's Cyclopedia of Automobile Law and Practice, Volume 9A, Section 5914, p. 357 et seq., puts it this way:

"Service under these statutes is invalid where the defendant dies before the suit is brought, if there is no specific statutory provision for service on the decedent's executor or administrator.

"Up to 1947, six states had amended their non-resident motorist service acts so as to include specifically executors and administrators. Those states are Arkansas, Iowa, Maryland, Michigan, New York and Wisconsin. [Virginia amended its statute in 1950, as did Texas in 1953.]

\* \* \* \* \* \*

"The theory upon which substituted service is sustained is that, by using the highways of a state other than the state wherein he resides, an automobile owner impliedly constitutes the statutory officer named in the law as his agent for acceptance of service in suits growing out of accidents from the use of the vehicle. Therefore that agency, being created during the life of the automobile owner is, by the general rule of agency, terminated by his death. Furthermore, the service in such case is invalid because the death of the defendant makes it impossible to comply with the statutory requirement that notice of the service be communicated to the defendant and that a registered receipt showing the service on him be obtained. \* \* \*"

If the Louisiana Legislature, of which plaintiffs' counsel is a senior member, intends to make its nonresident motorist statute effective against personal representatives of deceased nonresident motorists, who have been involved in accidents while using Louisiana's highways, it must amend the statute, as other States have done, so as to provide expressly for that. As now written, the Act does not authorize this procedure.

The motions to dismiss for insufficiency of service of process, and for lack of jurisdiction over the person of the executor, Fred D. Lose, must be granted; and the suit will be dismissed as to him.

Proper decree should be presented for signature.